(123 So. 45)

BIRMINGHAM PURCHASING CO. v. COLVIN. (6 Div. 121.)

Supreme Court of Alabama. May 9, 1929.

Rehearing Denied June 27, 1929.

664

Arlie Barber, of Birmingham, for appellant.

Rudulph & Smith, of Birmingham, for appellee.

BROWN, J. ■ This is an action for rent and was commenced by attachment sued out under the provisions of article 3, chapter 313 of the Code, and section 8818, which is a part of this article, provides that: "The law governing the issue, levy, trial, and other proceedings in attachment suits in general, not inconsistent with the provisions of this article, shall govern in all cases arising under this article." Code of 1923, § 8818. This section makes applicable the provisions of section 6212, prescribing the procedure by which the sufficiency of the attachment affidavit may be made an issue. The last-cited section provides that: "An attachment issued without affidavit and bond, as prescribed in this chapter, may be abated on plea of. the defendant, filed within thirty days after service of summons and complaint." Ex parte Seals Piano & Organ Co., 188 Ala. 443, 66 So. 146. In the absence of a plea in abatement, the sufficiency of the affidavit or the ground for suing out the attachment is not made an issue. Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Johnston & Seats v. Hannah, 66 Ala. 127.

■ If the attachment is sued out for a cause of action upon which the statute does not authorize its issuance, the proceedings being regular on their face, the appropriate method of reaching the objection that the writ will not lie is a rule upon the plaintiff to show cause against the dissolution of the writ and its levy. Drakford v. Turk, 75 Ala. 339, Adair v. Stone, 81 Ala. 113, 1 So. 768.

■ The original affidavit asserted a claim of rent for premises on the "southeast corner of Ninth Avenue and Twentieth Street, North, in the City of Birmingham, Alabama, known as 831 North 20th Street," while the amendment struck out the figures "831" and

added the averment "that said premises have also been known as 831 North 20th Street and the said premises 831 and 837, known numbered, are the said building on the southeast corner of 9th Avenue South on 20th Street in the City of Birmingham." The statute provides that: "The plaintiff, before or during the trial, must be permitted to amend any defect of *form or of substance* in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in the affidavit, if the plaintiff, his agent, or attorney, will make a sufficient affidavit," etc. Section 6213, Code of 1923. The amendment to the affidavit was not subject to the objection that it changed the subject-matter of the proceeding, and was properly allowed. Sloan v. Hudson, Adm'r. 119 Ala. 27, 24 So. 458; Rosenberg v. H. B. Claflin Co., 95 Ala. 249, 10 So. 521.

■ The objection that the affidavit was made before a notary and not the officer authorized to issue the writ was without merit. Wright v. Smith, 66 Ala. 545.

■ The court gave the affirmative charge requested by the defendant as to counts 3, 5, and 6, and if error was committed by the court in overruling the demurrers to these counts, it was without injury.

■ In suits by attachment for the collection of rent, it is not necessary that the rent should be due when the suit was commenced; it is only necessary that it be due and payable at the time the suit is brought to trial. Code 1923, § 6209; Seals Piano & Organ Co. v. Bell, 196 Ala. 290, 294, 71 So. 340. Counts 1, 2, and 4, on which the case was submitted to the jury, clearly shows that the rent sought to be recovered was past due on the 7th day of December, 1927, when the case was brought to trial, and the demurrers to these counts were overruled without injury.

■ Defendant's plea 5 was subject to the vice that it did not aver that the tender was made before suit was commenced, and this defect was pointed out by the sixth ground of demurrer. Smith v. Anders, 21 Ala. 782.

■ If it be conceded that the defendant's sixth plea—puis darrein continuance—was not subject to the grounds stated in the demurrer, still the error in sustaining the demurrer was clearly without injury for the reason that for this plea to prevail the defendant assumed the burden of showing that the balance due did not exceed the amount tendered, and the recovery was for much more.

The statements of counsel for defendant, in his opening argument to which objections were sustained by the court, were clearly not pertinent to the issues in the case, and the ruling of the court in this respect was free from error.

■ In the absence of a plea in abatement, putting in issue the existence of the grounds upon which the attachment was sued out, the question triable under the plea of the general issue was the question of the indebtedness and the amount thereof; and it was not incumbent on the plaintiff to show that demand was made for payment before suit. Brown v. Coats, 56 Ala. 439, Adair v. Stone, 81 Ala. 113, 1 So. 768.

■ The defendant's main contention was that subsequent to the expiration of the term specified in the written lease between the plaintiff and the defendant, the defendant, acting through its general manager, Ford, entered into an oral agreement with Gus Colvin, while acting as the agent of the plaintiff, for occupancy of the premises at a rental of $75 per month, with condition that either party might terminate this lease on giving 30 days' written notice of the party's desire to do so to the other party. The question to the witness Ford, made the basis of assignment of error 14, related to this alleged oral lease, and the witness had previously testified that he was one of the incorporators of the defendant, was a stockholder therein and its general manager, and it was further shown that Colvin, with whom the contract was alleged to have been made, had since died.

Under these circumstances, Ford had such pecuniary interest in the suit as to render him incompetent as a witness to testify as to the transaction with plaintiff's agent, Colvin. Code of 1923, § 7721; Buye v. Alabama Marble Quarries, 199 Ala. 589, 75 So. 9; Montgomery & Wetumpka Plank-Road Co. v. Webb, 27 Ala. 618; Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228. This also applies to the testimony of the witnesses Brown and Boggan as to the oral lease and its terms, excluded on the objection and motion of the plaintiff.

■ Evidence as to the reasonable rental value was only pertinent to the counts of the complaint for use and occupation, and inasmuch as the affirmative charge as to these counts was given for the defendant, if error was committed in excluding the testimony of the witness Lamar, it was error without injury.

■ The written lease under which the defendant entered and occupied from the 1st of December, 1923, to the 30th of September, 1926, provided: "That if the lessee shall continue on said premises, or any part thereof, after the termination of this contract, then this contract shall continue in full force, under all the terms, conditions and covenants hereinabove set out." The defendant offered evidence tending to show that after the expiration of the original term, there was a renewal for a rental of $75 per month, while the plaintiff's testimony tended to show an agreement to pay $200. The evidence in this respect was in sharp conflict, and it was a question for the jury as to whether the minds of the parties met in agreement as to the rental for the extended occupancy; but the

evidence shows without conflict that the defendant continued to occupy the property until August 31, 1927, and that the rent for May, June, July, and August, 1927, was unpaid.

Under this evidence the plaintiff was entitled to recover, at least, the rent for these months, which, according to defendant's contention, was $300. The affirmative charge requested by the plaintiff was for this reason given without error; and the affirmative charges as to the whole case and as to counts 1, 2 and 4, requested by defendant, were well refused.

Charge 6 given at the request of the plaintiff could have been refused as giving undue prominence to a part of the evidence, but reversible error was not committed by the court in giving it.

If there was no agreement between the parties as to the amount of the rent for the extended term, the terms of the written lease governed. This is all that charge 3 asserts.

The exceptions to the oral charge of the court are without merit.

We find no reversible error in the record. Affirmed.

SAYRE, THOMAS, and BOULDIN, JJ., concur.