147 So.2d 788

**William Leon MADDOX**

v.

**Milford ENNIS.**

**4 Div. 127.**

Supreme Court of Alabama.

Nov. 29, 1962.

Rowe & Lane, Enterprise, G. A. Lindsey, Elba, for appellant.

Oliver W. Brantley, Troy, for appellee.

MERRILL, Justice.

This is an appeal from a judgment for defendant in an automobile damage suit.

The accident occurred on a street in Elba at the noon hour. Four cars were proceeding easterly in the right lane of traffic at ten or fifteen miles per hour. Car No. 1, driven by Mrs. Johnson, stopped for pedestrians using a crosswalk. Car No. 2, driven by Hanchey, stopped behind Car No. 1, and Car No. 3, driven by defendant-appellee, stopped behind Car No. 2. Car No. 4, in which plaintiff-appellant was riding as a passenger, was driven by plaintiff's brother-in-law Devane. Car No. 4 struck the rear of Car No. 3 and propelled it into the rear of Car No. 2. In the collision, plaintiff's head struck the windshield and he received other injuries.

Cars 1, 2 and 4 were insured by State Farm Mutual Automobile Insurance Company. Plaintiff sued the drivers of all four automobiles and State Farm retained separate counsel for each of its three policy holders. Prior to the trial, State Farm paid plaintiff $9,250 for a pro tanto settlement and release of the insured Mrs. Johnson, Hanchey and Devane. The complaint was amended to eliminate them as parties, leaving appellee as the sole defendant. The verdict and judgment were for the defendant, the motion for a new trial was overruled, and plaintiff appealed.

Appellant argues that the court erred in giving the requested affirmative charges that the plaintiff could not recover on his wanton count. We have carefully reviewed the evidence and there was no error in the court's action in taking the wanton count from the jury's consideration. The evidence of the witness Edmundson, relied upon by appellant, was not sufficient to make a jury question as to wantonness.

Appellant also argues that the trial court erred in charging the jury that there could be no recovery for any claimed ulcerated condition of his stomach. The automobile accident occurred in February, 1958; in May, 1960, he was examined and found to have developed an ulcer in his stomach.

There was no error in the ruling of the trial court because, first, no claim was made in the complaint for the ulcerated stomach, and there was no proof of any causal connection between appellee's alleged negligence in 1958 and the ulcers in 1960. The law is stated in Southworth v. Shea, 131 Ala. 419, 30 So. 774:

> " * * * Proof which goes no further than to show an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur, where from the same proof the injury can, with equal probability, be attributed to some other cause. Such a condition is equivalent to an absence

of evidence as to the true cause, and, when seen clearly to exist, imposes on the court the duty of determining, as a matter of law, against any right of recovery dependent upon the establishment of causal connection between the injury and its alleged cause. * * *"

We come now to the question which gave the trial court considerable concern on the motion for a new trial—the admissibility of certain portions of pleas of contributory negligence filed by the witness Devane when he had been one of the defendants to the suit.

As already noted, Devane was the driver of Car No. 4 in which appellant was riding, and appellant sued Devane along with the drivers of Cars 1, 2 and 3. The late Claude Fleming was employed by State Farm to represent Devane and he filed pleas charging appellant with contributory negligence. After State Farm had paid for a pro tanto release and Mrs. Johnson, Hanchey and Devane had been eliminated as defendants, Devane was called as a witness for appellant.

His testimony on direct examination placed most of the blame on appellee and was very favorable to appellant. On cross examination, portions of Devane's Pleas A and B were admitted in evidence over stated objection of appellant. The trial court stated in his opinion on motion for new trial: "It is now conceded by the Court that at the time the portions of Plea A and Plea B were received in evidence that it was error and they should not have been admitted, for the reason that it was not shown that they fit the above rules."

The "above rules" come from the case of Cole v. Louisville & Nashville Railroad Company, 267 Ala. 196, 100 So.2d 684, where McElroy's "Law of Evidence" was quoted as follows:

" 'As a general proposition, pleadings that have been filed in behalf of a party in another cause or in the present cause, are admissible against him as admissions in the present cause if * * * it be first shown that they were drawn under his direction or with his assent [Citing cases].' "

And we then held:

"Consonant with this principle appellee proved that the pleadings were drawn from facts given by the appellant. There was therefore no error in allowing the complaint in evidence."

We note that Vol. II of "The Law of Evidence in Alabama" (1962), by Judge McElroy, Sec. 181.01, p. 7, states:

"It is clear that a party's document of pleading whether filed in the present action or another action is admissible against such party in the present action, as an admission of the truth of the facts stated in the pleading, if it is shown that such party swore to it, signed it, directed its drawing, or assented to it as a correct statement: [Citing cases]."

Devane's testimony was that he was "looking straight" at appellee's car all the time just prior to the collision. The portions of Pleas A and B admitted in evidence stated the defendant (Devane) was looking to his right, that plaintiff knew this, but failed to call to defendant's attention that appellee's car was stopped or stopping in front of them.

The trial court further stated in his opinion:

"After admission of portions of Plea A and Plea B which went into evidence, the witness Devane admitted that he signed a document dated February 15, 1958 a portion of which was read to him and is in evidence. Apparently this document was a report to his insurance company, State Farm Mutual Automobile Insurance Company, of the accident. There was testimony from Lewey Stephens, Jr., a member of the firm of Fleming & Stephens, that said document was received by him from State Farm Mutual,

232

and had been in their files while they were handling the case. Objection was sustained to the document in question, which this Court now feels was error but, nonetheless, the portion read into evidence, which the witness admitted was his statement, is still in. The portion read, as the evidence will reflect, deals with the facts incorporated in the portions of Plea A and Plea B which were read into evidence to impeach the witness Devane. In view of the testimony of the witness Devane that he did not employ Mr. Fleming, it necessarily follows that the insurance company handling his defense employed him and transferred his statement to the lawyer in order for use in the defense. It could not be said that the facts alleged in a portion of the pleas were not furnished by the witness Devane to his lawyer for the preparation of the pleas. Conceding that it was error for the pleas to be admitted at the time they were, it is the opinion of this Court that the later proof corrected any error pertaining to the proper predicate. Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278."

When the portions of the pleas were introduced, the court carefully advised the jury that these excerpts should be considered for the purpose of impeachment and for no other purpose.

We think the trial court correctly ruled that the later proof corrected any error in the premature admission of the pleas. "The rule that the admission of evidence prima facie irrelevant may be cured by the subsequent introduction of the necessary preliminary or connecting proof, long prevailing in this jurisdiction, was thus complied with on the trial." Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278.

No reversible error is presented by the argued assignments of error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.