253 So.2d 46

Maude I. BARNES

v.

Tony BURKE.

7 Div. 17.

The Court of Civil Appeals of Alabama.

Sept. 30, 1970.

Rehearing Denied Oct. 21, 1970.

W. M. Beck, Sr., Fort Payne, T. J. Carnes, Albertville, for appellant.

W. W. Watson, Fort Payne, H. T. Foster, Scottsboro, for appellee.

the crops. Also, he was to live in a house on the property rent-free.

The appellant-landlord was to furnish the land, the implements to farm the land, half the fertilizer, and was to receive one-half of the proceeds of the crops.

For the year 1962 the appellee paid his rent and advances except for approximately $100.00 which had been advanced to him, and this was carried over to 1963.

In the latter half of 1963, after most of the cotton crop and all of the corn crop had been gathered, a controversy arose between appellant and appellee over a request made by appellant that appellee pay $100 on advances that had been made to him.

The evidence on behalf of appellee tended to show that he did not have $100 at the time the demand was made, and therefore could not pay it. He did testify, however, that he was working at a gin and would be able to pay the $100 soon.

There was also testimony taken that appellee was working at the gin to earn money while he was waiting to gather the remainder of the cotton crop, which was not then ready to be gathered.

## ON REHEARING

BRADLEY, Judge.

On rehearing, the original opinion in this case is withdrawn and the following is substituted therefor as the opinion of the Court.

This proceeding commenced as a result of the plaintiff-appellant suing out a Writ of Attachment against certain personal property and crops allegedly belonging to defendant-appellee to enforce a lien arising out of the landlord-tenant relationship.

The defendant-appellee was a tenant farmer living on and farming land belonging to plaintiff-appellant. These two had an oral agreement for the years 1962 and 1963 that the appellee would furnish the labor for planting the crops, half of the fertilizer, gather the crops and receive one-half of the proceeds from the sale of

The evidence introduced on behalf of appellant tended to show that appellee told appellant's husband, when he requested the $100 payment on the advances, that "he could get his money the best damn way he could."

Also the evidence for appellant tended to show that appellee had stopped gathering the cotton and gone to work at the gin and was going to remove from appellant's premises without paying the advances.

It should be pointed out here that there was no dispute over the rents at the time the demand was made by appellant to appellee to pay $100 on the advances made to him.

The demand for the money was made on October 15, 1963 and the Writ of Attach-

ment was sued out on October 16, 1963.

Most of the appellee's household goods were attached, and the remainder of the cotton crop was also attached and subsequently gathered and sold by the Sheriff.

A complaint was filed on October 17, 1963 by the appellant alleging that appellee owed her a certain sum of money accruing from the landlord-tenant relationship.

On November 5, 1963 appellee filed a Plea in Abatement asking that the Writ of Attachment be abated and dissolved.

There were demurrers filed to the Plea which were overruled; also the affidavit filed in support of the Writ was amended twice; then the Plea was amended and demurrers filed to the Amended Plea, and they were overruled.

Ultimately, the case was tried before the court and a jury on the Plea in Abatement. The jury found for the appellee on his Plea and the court entered judgment sustaining the Plea in Abatement.

Later, on motion of appellee, the trial court dismissed the suit against appellee. Then, after proper request had been made by appellee, the court awarded the proceeds of the cotton crop gathered by the Sheriff pursuant to the Writ of Attachment to the appellee.

From these various rulings of the trial court, an appeal has been perfected to this court.

■ There were twenty-two assignments of error made by appellant, but only nine argued in brief. Consequently, those assignments not argued in brief are considered waived. Supreme Court Rule 9.

■ The main issue in this case centers around the dispute between the landlord and tenant as to when the rent and advances were due, and this was presented by the Plea in Abatement.

The appellant-landlord contended that the rents and advances were due when the crops were gathered; the appellee countered that there was no such agreement that the rents and advances would be due at that time.

The trial court charged the jury that in the absence of an agreement as to when the rents and advances would be due, the statute—Title 31, Section 16, Code of Alabama 1940, as Recompiled 1958—which prescribes November 1 of each year as the due date for rents and advances in the absence of a prior agreement, would govern the due date of the rents and advances made in the case at bar.

The other issue raised by the Plea in Abatement was the question of whether the appellee-tenant was about to quit the premises without paying the rent and advances or had disposed of the proceeds of the crop without paying the rent and advances, all without the prior consent of the landlord.

These issues are based on the assumption that the landlord had made demand on the tenant for the rent and advances prior to suing out the Writ of Attachment or filing of his summons and complaint.

In the case at bar the evidence is undisputed that the landlord made a demand for only $100 of the advances. There was evidence presented to the jury for their consideration that the landlord advised the tenant that the landlord's remaining rent and advances could be paid out of the proceeds of the sale of the cotton which was to be gathered later.

There was also evidence for consideration by the jury that the tenant was working at the gin not only to earn money to pay the landlord's advances, but to earn money for the necessities of his family, all while he was waiting to gather the remaining cotton crop, which was not ready at the time the bulk of the cotton crop was gathered and sold.

There was sufficient evidence introduced at the trial to support the Plea's traverse of the allegations set out in the original

affidavit and as amended, if the jury believed it, and apparently they did, because they found for the appellee-tenant.

Appellant contends that the trial court erred when it refused to give to the jury her reqeusted charge 1, which is as follows:

"In attachment for the collection of rent and advances, which is the basis of this suit, it is not necessary that the rent shall be due when the suit was commenced; it is only necessary that it be due and payable at the time the suit is brought to trial."

In support of her contention that the trial court erred, appellant cites us to the case of Birmingham Purchasing Co. v. Colvin, 219 Ala. 662, 123 So. 45, wherein the Supreme Court said:

"In suits by attachment for the collection of rent, it is not necessary that the rent should be due when the suit was commenced; it is only necessary that it be due and payable at the time the suit is brought to trial. * * * "

It is to be noted however that *Colvin*, supra, involved an attachment for rent on a building, and was a trial on the merits rather than on a Plea in Abatement; furthermore, the statutory provisions authorizing an attachment for rent due on a building is contained in a separate Article of Title 31, Code of Alabama 1940, as Recompiled 1958, from that prescribing the procedure for the attachment of certain property for the failure to pay rents and advances on lands, and the one statutory procedure for enforcing a lien does not govern the other procedure.

Furthermore, in the case at bar the Plea in Abatement was tried on the basis of whether the advances were due, not whether the rent on the buildings was due.

Therefore, *Colvin*, supra, would not be apt authority for contending that the trial court erred in refusing to give requested charge 1 for the appellant.

The applicable Alabama law governing the attachment in the case at bar is found in Title 31, Section 20, Code of Alabama 1940, as Recompiled 1958.

And whether or not the issues delineated by the affidavit to the Attachment and the Plea in Abatement came within the purview of Section 20, supra, was, as the trial judge said, a question for the jury.

The jury found that the issues presented by the appellant did not fit any of the categories provided by Section 20, supra, and therefore, found for appellee on his Plea in Abatement.

Furthermore, the trial judge in charging the jury commented on the applicability of Title 31, Section 16, Code of Alabama 1940, as Recompiled 1958, which provides:

"Unless otherwise stipulated, such rent and advances shall become due and payable on the first day of November of the year in which the crop is grown."

The evidence in the case failed to show an agreement of the parties as to when the rent and advances would be due and payable.

The Attachment with supporting affidavit was sued out on October 16, 1963, which is of course prior to November 1, 1963, the due day of the rent and advances as prescribed by Section 16, supra.

Consequently, the jury correctly found that there was no debt at the time of the issuance of the attachment.

We are not prepared to say that the jury was plainly and palpably wrong in their determination of the issues presented to them.

Appellant also says that the trial court erred in not giving to the jury her requested charge 2, which is as follows:

"If you are reasonably satisfied from the evidence in this case that the defendant was indebted to the plaintiff for

rent and advances for the rent of lands, and house located on same, for the years of 1962, and 1963, and that the Plaintiff advanced to the defendant money or things of value for the making of the crop and for the well-being of defendant's family; and that the defendant gathered the crops, and disposed of any part of the proceeds of the sale of said crops, without the consent of the Landlord, who has a lien on said crops, which lien had preference over all other liens; then I charge you Gentlemen of the Jury that your verdict should be in favor of the Plaintiff in this case on the Defendant's Plea in Abatement."

We think that the trial court erred in refusing to give appellant's requested charge 2. However, we consider it to be harmless error, for the trial court adequately covered all aspects of the requested charge in its oral charge to the jury.

In her assignment of error eighteen, appellant submits that the trial court erred in not granting a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence.

In Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315, the Supreme Court of Alabama said:

"A general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued by appellant * * *."

In the case now before us, the appellant listed several grounds on which she based her motion for a new trial, but argued only ground number six in her brief. Therefore, this ground will be the only one considered on this appeal. Grimes v. Jackson, supra; and Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37. Ground number six is as follows:

"For that the verdict of the jury and the judgment entered thereon are con-

trary to the great weight and preponderance of the evidence in the case."

The main issue in the present case centered around a dispute between the landlord and tenant as to when the rent and advances were due, and this issue was presented by the Plea in Abatement.

The jury found that there was no agreement between the parties as to when the rent and advances would be due and payable. As a consequence, the jury found for the tenant on his Plea in Abatement because it decided there was no debt due at the time the Writ of Attachment was issued.

Appellant contends that this conclusion was against the great weight and preponderance of the evidence.

In Bagley v. Green, 277 Ala. 118, 167 So.2d 545, the Supreme Court said:

"On appeal, this court does not weigh the evidence as to its reasonably satisfying effect on the issues tendered. Instead, the court indulges all favorable presumptions in favor of the conclusion from the evidence reached in the trial court and will not disturb such conclusion unless it is plainly erroneous or manifestly unjust."

The court also said:

"Verdicts are presumed to be correct and no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence."

Furthermore, it has been said that the action of the trial court in overruling a motion for a new trial on a ground similar to the one in question lends added weight to the presumption that the jury verdict was correct. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391.

We do not believe that the verdict of the jury and the judgment of the court on the Plea in Abatement was "plainly erroneous or manifestly unjust."

Consequently, we do not believe the trial court erred in overruling the motion for new trial based on ground number six thereof.

■ Appellant's assignment of error four raises the point that the trial court erred in overruling appellant's oral motion that appellee be required to go forward with the evidence prior to appellant's giving evidence for the reason that appellee had the burden of proving his Plea in Abatement.

The trial judge stated in overruling the motion that the burden was on the appellee to prove his Plea in Abatement (Howell v. Howell, 171 Ala. 502, 54 So. 601), but that the order of proof was discretionary with the court (Conner v. Ray, 195 Ala. 170, 70 So. 130), and that orderly procedure required the plaintiff to go forward with the proof.

The trial court was correct in its statement so long as the exercise of its discretion was not injurious to the party who was not carrying the burden of proof. The appellant has failed to point out any injury she suffered as a result of the court's exercising its discretion as to the order of proof adduced in the case at bar.

■ Appellant says, in her assignment of error nine, that the trial court committed error when it permitted the introduction into evidence of the original summons and complaint together with all amendments thereto.

The original complaint was amended twice, mainly to increase the amount of money alleged to be due the landlord as rent and advances.

In her brief, appellant complains that the amended pleadings in the case at bar were not offered into evidence prior to being given to the jury for their consideration.

Appellant's own assignment of error nine states that the pleadings were offered into evidence before they were given to the jury. Also the transcript of evidence (pp. 144–148), supports this assertion.

Then appellant cites McElroy, Law of Evidence, Sections 181–186, p. 64 and Cole v. Louisville and Nashville R. R. Co., 267 Ala. 196, 100 So.2d 684 for the following proposition:

"As a general rule, pleadings that have been filed in behalf of a party * * * in the present cause, are admissible against him as an admission in the present cause if, but only if, * * * it be first shown that they were drawn under his direction or with his assent."

The above quotation omits a part of the language used by the court in *Cole*, supra, which we consider to be a most important part of the principle enunciated in that case, and that is the following:

" * * * pleadings that have been filed in behalf of a party *in another cause* (emphasis added) *or* in the present cause are admissible if * * *."

Furthermore, appellant fails to note that the cases cited as supportive of the above quotation are all cases wherein the pleading involved is one which came from a prior action and is being introduced in a subsequent action. *Cole,* supra, cites three cases—Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786; State v. Atlantic Coast Line R. Co., 202 Ala. 558, 81 So. 60, and Graves v. Cruse-Crawford Mfg. Co., 203 Ala. 202, 82 So. 452—all of which refer to pleadings in a former action being admissible in another proceeding.

In a more recent case, Maddox v. Ennis, 274 Ala. 229, 147 So.2d 788, the Supreme Court, which cites *Cole,* supra, relies on the above quotation for the same proposition being relied on by appellant in this case, except that in *Ennis,* supra, the pleadings introduced into evidence are from *another case.* (Emphasis added)

Judge McElroy in discussing the problem in his Law of Evidence in Alabama, Sections 180.01, pp. 7 and 8, said:

"With respect to the admissibility against a party of a pleading drawn and signed by his counsel only, and not shown to have been sworn to or signed by the party himself, or to have been recognized by him in some way as a correct statement, the decisions are in conflict * * *."

Then Judge McElroy divides the Alabama cases into those categories holding the pleadings admissible and those holding the pleadings inadmissible. Without exception, those Alabama cases holding that the pleadings were inadmissible were cases wherein the pleadings sought to be admitted were pleadings of a prior cause being submitted in a later one. Furthermore, with but one exception, those cases holding that the pleadings were admissible were cases where the pleadings to be introduced were pleadings of the present trial. In the one exception, Elder v. Ralls Sanitarium, 219 Ala. 298, 122 So. 41, the court, in an action against the hospital for personal injuries, held that the trial court properly allowed the hospital to introduce in evidence a complaint filed by plaintiff *in another action.*

It can readily be seen from the above analysis of the cases that there is a difference in the way pleadings sought to be introduced in evidence as an admission are handled.

We surmise that the distinction that is made results from a conclusion that pleadings used as admissions in later causes could be the subject of more abuse than if used in the present cause.

However, disregarding the distinction that is made in the cases as between pleadings introduced in the present case and those introduced in later cases, and assuming for argument's sake that appellant's contention is correct, we conclude that the record on this appeal amply supports the proposition that the appellant assented to the pleadings introduced into evidence in this case.

The pleadings were prepared by her son, a lawyer, who also helped her make some of the entries in the account ledger introduced at the trial, and at the insistence of her husband who manages her farm. Furthermore, appellant's original attachment bond and affidavit shows by her signature on the instrument, that she agreed that the original amount of $569.82 was the amount she then claimed was owed, as shown in the original complaint.

The amended complaint filed September 2, 1964 claimed $572.94 as being due; this amount was also shown in the amended affidavit filed June 30, 1964, sworn to by her husband, the manager of her farm.

It is reasonable, we think, to infer that the appellant assented to the actions of her son and husband, and to the pleadings which were filed in this case, all as required by the authority which appellant cites in her brief. We do not think error has been committed here.

■ Appellant's assignment of error seventeen questions the trial court's refusal to give a requested charge which sought to advise the jury that a party could amend his pleadings up to the time of trial and that the jury was not to consider the amendments filed to the original pleadings by plaintiff.

Inasmuch as we have decided that it was not error for the trial court to admit the withdrawn amendments to the complaint for the purpose of impeachment or to show lack of consistency as to the amount owed by defendant, we deem assignment seventeen also to be without merit.

■ The subject of assignment of error six is the following statement made by the trial judge during the course of the trial:

"* * * the defendant would not be guilty of wrongfully disposing of property subject to appellant's lien if the defendant had used the proceeds of the crop to pay for the gathering thereof, even though the defendant was obligated by his contract to furnish the gathering."

It is undisputed that the defendant was obligated to gather the crops. However, there is dispute as to how defendant was to accomplish this responsibility.

Appellant contended that appellee was to gather the cotton by hand unless he got in a tight and needed a mechanical cotton picker. Appellee said that the 1963 cotton crop was pre-merged and was to be picked by mechanical picker, and that appellant agreed to this procedure.

The first eleven bales of cotton were picked by mechanical picker and appellee paid $315 out of his part of the proceeds for this service.

Appellant argues in this assignment of error that the payment of the $315 to the cotton picker, without her consent, was a wrongful disposition of the proceeds of the crop, and therefore, within the prohibition of Title 31, Section 20, Code of Alabama 1940, as Recompiled 1958, which provides, among other things, that attachment will lie where a tenant has disposed of a part of a crop without the consent of the landlord and without paying the rent and advances.

There was evidence introduced on behalf of appellee that he paid for the picking of the cotton out of his share of the proceeds from the sale of the first eleven bales of cotton. Also, there was evidence that appellant told appellee that, "We will get ours out of the last cotton picking."

The questions for answer as to whether the appellant knew about the cotton picking procedure and consented to the payment to the cotton picker out of the proceeds of the sale of the first eleven bales of cotton and whether she agreed to recoup her one-half of the proceeds of the crop out of the cotton to be gathered subsequent to the sale of the first eleven bales of cotton, were questions to be decided by the jury. And, the jury decided these questions adversely to the appellant's case.

Appellant agrees that the jury was the proper body to decide the question, but she says that the court should not have commented on this state of affairs as between the landlord and tenant. We agree with appellant that the court should not have made such a statement, but we also conclude that the statement constituted harmless error, particularly in view of the sufficiency of the evidence presented to the jury on this question as was pointed out above. No reversible error here.

Appellant objects to the granting by the trial court of appellee's motion to dismiss appellant's case after the jury verdict upholding the Plea in Abatement and assigns this as error nineteen.

In 7 C.J.S. Attachment § 471, we find the following statement:

"* * * where an attachment is sued out for a debt not yet due and is dissolved, this will ordinarily operate as a termination of the whole proceeding."

We are unaware also of any Alabama rule to the contrary.

The Plea in Abatement filed in the present case is also in the nature of a Plea in Bar. See Frazier v. Riley, 215 Ala. 517, 111 So. 10, wherein the Supreme Court of Alabama said that a Plea in Abatement filed to an attachment for rent due on certain leased premises was in the nature of a Plea in Bar where the Plea had denied that the indebtedness was due as alleged in the affidavit filed in support of the Writ of Attachment.

In the case at bar the Plea controverted or traversed the allegation in the affidavit that the rent and advances were due and payable on October 16, 1963.

The so-called Plea in Abatement also traversed the allegations in the amended affidavits that appellee had disposed of the proceeds of the crops without appellant's consent and without having paid the rent and advances.

Those averments being controverted, the jury then became the arbiter of the factual

issues raised, and it decided that the debt was not due when the Attachment was sued out, and that appellee had not disposed of the proceeds of the crop without appellant's consent.

As we previously pointed out, Birmingham Purchasing Co. v. Colvin, supra, is not apt authority for the proposition that the debt need not be due and payable at the time the attachment is sued out but only that it be due at the time of trial.

There being no debt due at the time of the suing out of the Attachment, and the appellant having failed to satisfy the jury that she did not consent to the use of the proceeds of the sale of the first eleven bales of cotton to pay the cotton picker, we are of the opinion that there was nothing else in the appellant's case to be decided by the trial court, and it properly dismissed the case. Also see Pitard v. McDowell, 6 Ala. App. 236, 60 So. 555.

Appellant also questions in her assignment of error twenty the action of the trial court in ordering the Sheriff to pay over to the appellee the proceeds ($540.15) from the sale of the remainder of the cotton crop that he gathered pursuant to the Writ of Attachment.

The Supreme Court in Sherrod v. Davis, 17 Ala. 312, speaking of 14 bales of cotton that had been attached and sold, said:

"It must be apparent to all that the defendant is not to lose his property if he successfully defends the suit commenced by attachment. When a final judgment is rendered in his favor the lien created by the attachment is discharged, he becomes entitled to the property * * *. If the plaintiff in the attachment had sued out a writ of error or appeal immediately on the rendition of the judgment, or before the money was paid over by the sheriff, we would then think that the right of the defendant to demand it of the sheriff was taken away * * *."

In the case at bar there was no appeal taken nor writ of error sued out prior to the payment of the $540.15 by the sheriff to the appellee pursuant to the order of the trial court.

The following principle is found in 7 C.J.S. Attachment § 472:

"Ordinarily on the dissolution of an attachment all property attached should be returned to defendant, whether the dissolution is by operation of a final judgment in defendant's favor or by special proceedings for the purpose of obtaining an order of dissolution had in advance of a trial on the merits, while if the property had been sold defendant is entitled to the proceeds arising from the sale. In the absence of any statutory provision to the contrary, it is the duty of the officer to return the property or proceeds to attachment defendant, notwithstanding an appeal is taken or other proceedings in error instituted."

We believe that the trial court properly ordered the proceeds of the sale of cotton gathered pursuant to the Writ of Attachment returned to the appellee in whose favor the issues of the case were decided.

The Sheriff took the property from the possession of the appellee and it was properly returned to him. We find no error here.

There being no reversible error in the record on appeal, this case is affirmed.

Affirmed.

WRIGHT, J., recuses himself.

## ON REHEARING

 Appellant, in her application for rehearing, says that this court incorrectly stated the order of happenings in the trial court, particularly as it applied to the dismissal of her lawsuit, and the order of the trial court requiring the proceeds of the attachment sale to be returned to the ten-

ant. She is correct. We should have stated that the trial court ordered the proceeds of the attachment sale returned to the tenant—which order was entered on December 19, 1967—prior to the dismissal of the appellant's lawsuit, said dismissal order being entered on February 17, 1970.

However, we would point out also that the record shows that the appellee-tenant moved the court on November 17, 1967 to pay him the proceeds from the attachment sale of the crops and said motion was set for hearing on December 19, 1967 (with a copy of the motion and notice of hearing date being mailed to the attorney for appellant), and on said day the court ordered said proceeds paid to appellee.

Appellant, however, did not file her motion to set aside said order until September 17, 1968, some nine months later.

However, notwithstanding the fact that the proceeds of the attachment sale were ordered to be paid to the tenant prior to the dismissal of the landlord's suit against the tenant, the landlord, at the time the proceeds were ordered paid to said tenant, was only a lienholder and not the owner of the crops. It may be remembered that the trial court had previously decided that, at the time the attachment was sued out, there was no debt due nor were the crops subject to levy to satisfy the lien, and, really, that is what this lawsuit was all about.

We are still of the opinion that the trial court had no choice but to order the repayment of the proceeds of the attachment sale to the tenant-appellee because at that time and under the pleadings and evidence in the case before said court, the tenant was the owner of the crops and the landlord merely a lienholder thereof.

Opinion extended.

Application for rehearing overruled.