304 So.2d 599

**Carey Wayne CLUTTS**

v.

**Pamela Shields CLUTTS.**

**Civ. 354.**

Court of Civil Appeals of Alabama.

Dec. 11, 1974.

**44**

James M. Dyer, Huntsville, for appellant.

David E. Worley, Huntsville, for appellee.

*On Rehearing*

WRIGHT, Presiding Judge.

Rehearing granted. Original opinion is withdrawn and this opinion substituted in lieu thereof:

On February 9, 1973, appellant filed a petition to modify a decree entered February 4, 1972, insofar as such decree related to child support and alimony. On March 19, 1973, appellee responded with a petition for rule nisi, alleging appellant to be in arrears in payments for support in the sum of $400.00 and in payments of alimony in the sum of $900.00. This petition was amended to request a grant of an attorney fee.

On June 20, 1973, appellee filed a petition requesting that appellant be enjoined from exercising visitation rights with the children as long as he was delinquent in support payments. The court granted such injunction ex parte the same date filed.

On November 2, 1973, a hearing was held orally before the court upon the petition to modify and the petition for rule nisi and a determination of arrearage of support and alimony filed by appellee. A joint decree on the petitions was rendered

November 14, 1973. Motion for new trial was denied on January 15, 1974. Appeal was taken from the final decree of November 14, 1973 and the decree denying a new trial of January 15, 1974.

The decree of November 14, 1973 determined appellant to be in arrears in support and alimony in the sum of $1,300.00. Judgment was given appellee for such sum. Appellant was found to be in criminal contempt for failure to pay such sums when due. He was sentenced to jail for five days as punishment. Judgment was granted appellee's attorney in the amount of $1,260.00 for his services to appellee. The original decree was modified in that appellant was directed to pay to appellee as alimony 15% of all withdrawals, salaries or compensation made or paid to him from the corporation he manages.

It is first charged that the court erred in awarding appellee's counsel an attorney fee. Error is contended as to this aspect of the decree in three areas. It is first argued that there was insufficient evidence to support the award of a fee.

Proof of a fee was made through testimony of a practicing attorney on a hypothetical question. The qualifications of the witness to testify as an expert were admitted, but appellant objected to the witness giving an answer to the hypothetical question on the ground that the question did not present a proper foundation for an opinion. The judge, in comment upon the objection, appeared to understand the basis of the objection to be that the question assumed facts not in evidence. He stated that he would have appellant's attorney testify as to the facts hypothesized unless they could be agreed upon. Without securing such an agreement, he allowed the witness to state his opinion over objection.

Counsel's cross-examination disclosed the real basis of his objection to the question was not that it assumed facts not in evidence, but that it contained insufficient facts for an opinion. This was further specified by counsel stating to the court after cross-examination that he admitted the truth of the facts related in the question, but he felt the question was incomplete because it failed to include matters which could affect the answer given.

On appeal, appellant now argues error by the court in allowing an opinion to be given in answer to a hypothetical question composed of facts not in evidence. He contends that subsequent admission of the truth of the facts assumed in the question did not remove the obligation of proving the facts contained in the question.

■ Such argument cannot now be accepted. The court may not be led into error. Had it not been for the admission of the truth of the facts assumed in the question, proof of them would have been offered. The record indicates inquiry was made by opposing counsel if such proof was necessary to be made. To such inquiry counsel for appellant stated that the truth of the facts was not questioned and was admitted, but the question was objected to because it was incomplete.

■ A hypothetical question is not objectionable merely because it does not contain all facts in evidence which might tend to affect the answer. If it contains sufficient facts from which an opinion may reasonably be formed it is sufficient as against objection. The sufficiency of a hypothetical is a matter largely within the discretion of the court. Facts not included in the hypothetical are available for cross-examination and attacking the credibility or reliability of the opinion stated. Louisville & N. R. Co. v. Self, 45 Ala.App. 530, 233 So.2d 90; Melco System v. Receivers of Trans-America Ins. Co., 268 Ala. 152, 105 So.2d 43; Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246.

■ Upon consideration of the question together with the admission of the truth of the facts related therein, we find no prejudicial error.

Appellant next contends that the amount of the award for an attorney fee is excessive and an abuse of discretion.

■ In our original opinion, now withdrawn on rehearing, we agreed that the attorney fee granted was excessive. We so held because the evidence submitted in proof of an attorney fee included time and effort involved in prosecuting the petition for citation for contempt and enforcement of an award previously made. It was argued by appellant in brief and not refuted by appellee, that it was the law in this state that attorney fees could not be awarded to a petitioner seeking enforcement of an award for support and alimony previously granted. We were of the opinion that such was the state of the law for we had in our experience in practice known it to be so. However, on motion for rehearing, appellee has presented to us for the first time Sec. 39(3) of Title 34 of the Code. This statute, enacted in 1970 by the legislature nullifies prior case law on the issue such as Jordan v. Jordan, 266 Ala. 386, 96 So.2d 809; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Sims v. Sims, 253 Ala. 307, 45 So.2d 25, and provides that attorney fees may be awarded in actions to recover alimony and support through contempt of court citations if a decree of divorce has been issued or is pending. The present action is covered by the statute. The granting of an attorney fee in respect to all aspects of the matter was within the power of the trial court.

There remains for consideration whether the fee of $1,250.00 granted was excessive.

■■ It is well known that the setting of an attorney fee where such is permissible is a matter of discretion for the trial court. The exercise of such discretion is reviewable on appeal only for an abuse. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283. This court, when considering a charge of abuse of discretion in the awarding of fees by the trial court, is hesitant to displace the judgment of the trial court by our own. In view of the fact that the evidence submitted to the trial court of a reasonable fee was the opinion of an attorney familiar with the fees charged in Madison County and such opinion was not challenged by contrary evidence, the record does not plainly show an abuse of discretion in this case.

Appellant submits error in that the court in its decree failed to direct modification to be effective as the date of filing. .

■ We find no error merely because the court did not decree modification to be effective from the time of filing the petition. Modification of a prior decree as to alimony and support upon proof of changed circumstances is a matter within the discretion of the trial court. The exercise of such discretion is disturbed on appeal only upon palpable abuse. Sellers v. Sellers, 50 Ala.App. 158, 277 So.2d 616. Though only installment payments for alimony and support becoming due prior to filing of petition for modification are final and immune from change, the trial court may exercise its discretion in decreeing the effective date of modification and is not bound to modify as of the date of the filing of the petition. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147.

Appellant contends error in the decree of June 20, 1973, entered ex parte without notice, which enjoined appellant from exercising visitation rights with his children until arrears in support were paid.

■ This contention is not available to appellant on this appeal. This appeal is from the decree of November 14, 1973, and the denial of a motion for new trial entered January 15, 1974. There is no appeal from the decree of June 20, 1973. As the date of notice of appeal was March 12, 1974, time for appeal of the decree of June 20, 1973 had expired in any event. Tit. 7 § 788, Code of Alabama, 1940. Appellant's remaining argued assignment of error charges insufficient evidence to support the decree of the court that the arrearages in child support and alimony were $400.00

and $900.00 respectively as of the date of filing the petitions. Appellant's argument in brief is insufficient to convince us of any error in the calculations of the trial court.

There being no reversible error shown by the appeal, the decree must be affirmed.

Upon motion being made for grant of an attorney fee to appellee on appeal, we find a reasonable fee to be $250.00. Such fee is hereby granted to appellee for use of her attorney.

Application for rehearing granted.

Affirmed.

BRADLEY and HOLMES, JJ., concur.