386 So.2d 443 (1980)
M. C. WEST, INC.
v.
Paul D. BATTAGLIA.
Civ. 2054.
Court of Civil Appeals of Alabama.
March 26, 1980.
Rehearing Denied April 23, 1980.
*445 James B. Kierce, Jr. of Stone, Patton & Kierce, Bessemer, for appellant.
Arthur Green, Jr. and Jake V. Bivona of Paden, Green & Paden, Bessemer, for appellee.
BRADLEY, Judge.
This is an appeal from a jury verdict against the defendant, M. C. West, Inc., for damages caused by flooding.
The plaintiff, owner of a restaurant, filed suit against the defendant alleging that the defendant constructed one or more dams across a creek near his business which caused water to back up and flood the plaintiff's property. The plaintiff claimed damages to his carpet, furniture, walls, kitchen equipment, and other personal property located on his business premises. He also claimed a loss of business and injury to his real estate as damages. The plaintiff testified that he suffered $9,240 in actual damages, and he sought total damages of $25,000. The jury returned a verdict in favor of plaintiff and against the defendant for $2,000.
The plaintiff's restaurant is located approximately eighty-five to one hundred feet from the banks of Valley Creek. Prior to September 6, 1977 the defendant had installed a haul bridge some two miles downstream from the plaintiff's business. The haul bridge was built of railroad cars with the ends cut out. Each car was placed in the creek longitudinally and about a foot and a half of dirt was placed on top of the cars so that the defendant could drive its equipment across the creek. The railroad cars were used in this manner to allow water to pass through each car, thus serving as a culvert.
Valley Creek has about a foot and a half to two feet of water flowing in it under normal conditions. On September 6 and 7, 1977 a heavy rainfall of almost five inches occurred and plaintiff's restaurant became flooded with thirty-two inches of water.
The defendant's haul bridge is not the only obstruction in Valley Creek near the *446 plaintiff's business. There are two bridges, two railroad trestles, and an old bridge dam which span Valley Creek at points closer to the plaintiff's business than the defendant's haul bridge.
The first contention asserted by defendant is that the trial court erred in failing to grant either defendant's motion for a directed verdict or his motion for judgment notwithstanding the verdict.
The directed verdict should be refused where the evidence is in conflict as to any material issue or where from the evidence reasonable inferences may be drawn to substantiate the claimed culpability of the defendant. Wells v. Central Bank, Ala. Civ.App., 347 So.2d 114 (1977). Similarly, a motion for judgment notwithstanding the verdict shall not be granted if there is any conflict in the evidence for the jury to resolve. Ford Motor Credit Co. v. Jackson, Ala.Civ.App., 347 So.2d 992 (1977).
Five expert witnesses testified at trial, four of them for the defendant. All of the defendant's experts testified to the effect that the haul bridge had not contributed to the flooding of the plaintiff's property. However, the plaintiff's expert testified that in his opinion the construction of the haul bridge would significantly contribute to the flooding. The plaintiff's expert did state that the other bridges and trestles across Valley Creek had an effect on the flooding and, in fact, some contributed to the flooding to a greater degree than did defendant's haul bridge. We think the above testimony alone is a sufficient conflict in the evidence for the trial court to deny a motion for a directed verdict and judgment notwithstanding the verdict by the defendant. Therefore it was proper for the jury to resolve this issue.
The defendant's second contention is that the jury's award of damages to the plaintiff was based upon conjecture and speculation.
The general rule in Alabama regarding the assessment of damages was stated in United Bonding Insurance Co. v. W. S. Newell, Inc., 285 Ala. 371, 232 So.2d 616 (1969), wherein the court cited with approval 22 Am.Jur.2d 44, Damages, § 25, which is as follows:
"* * * it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances, all that can be required is that the evidencewith such certainty as the nature of the particular case may permitlay a foundation which will enable the trier of the facts to make a fair and reasonable estimate of the amount of damage. The plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss."
We think the evidence in the present case furnished a reasonable basis for the jury to ascertain the amount of damages suffered by the plaintiff. The plaintiff testified that he had opened his restaurant in its present location along Valley Creek in 1955. He stated that the bridges and trestles located between his restaurant and the defendant's haul bridge were present in 1955. He testified that he was aware of no change in the Valley Creek area surrounding his restaurant except for the addition of the defendant's haul bridge.
The evidence also established that the plaintiff had suffered flooding on prior occasions. There was testimony as to the number of inches of flood water that entered the plaintiff's business during these prior floods. The plaintiff also introduced evidence showing the amount of flood water and the damage to plaintiff's business occurring following the flood made the basis of this lawsuit. Therefore the evidence showed the amount of damage attributable to the bridges and trestles in Valley *447 Creek during a flood as well as the damage caused by the addition of the defendant's haul bridge. We think an award of damages based upon such evidence was not speculative.
The defendant argues that we should apply the principle approved by the court in Kershaw Mining Co. v. Lankford, 213 Ala. 630, 105 So. 896 (1925), wherein it was stated:
". . . Where there is evidence as to damage from various causes, as to a portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain to permit the jury arbitrarily to apportion a part or all of the proved damages to the act for which defendant is responsible." 17 Corpus Juris, 758.
We think this rule applies only where there is no evidence as to what part of a plaintiff's damage is attributable to various causes. However, where the plaintiff does present evidence of attribution to various causes, he may recover under the reasonable certainty standard. E. C. Ernst, Inc. v. Manhattan Construction Co., 551 F.2d 1026 (5th Cir. 1977), cert. den. 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). See Tanner v. Case, 277 Ala. 641, 173 So.2d 803 (1965). As previously noted, the plaintiff has presented evidence as to proof of the amount of damage suffered. Therefore we think the nonapportionment rule formulated in Kershaw is not applicable to the case at bar.
The defendant's third contention is that the trial court erred in denying his motion for a new trial.
It is the rule that where the verdict is contrary to the great preponderance of the evidence, defendant, on due motion, is entitled to a new trial, though the court was not in error in declining the affirmative charge. Walker v. Cardwell, Ala., 348 So.2d 1049 (1977). However, no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. Walker v. Cardwell, supra.
A jury's verdict is presumed to be correct and will not be reversed on appeal unless the preponderance of the evidence is against the verdict and is so decided as to clearly convince the court that it is wrong and unjust. Midwestern Welding Co. v. Coosa Tool & Die, Inc., 54 Ala.App. 159, 306 So.2d 25 (1975).
The question of whether the defendant's haul bridge caused the plaintiff's property damage was a jury question. On the basis of the evidence previously noted and that in the record, we hold that sufficient evidence existed to support the jury verdict in favor of plaintiff.
The fourth contention argued by the defendant is that the trial court erred in overruling his objection to the following hypothetical question posed to the plaintiff's expert:
Q Doctor, based on your experience and educational background, your past work experience, the field information that you gathered on the ground through your inspection, measurements you took of the bridges and whatever, the statistical information that you gathered, and in addition to that assuming that a haul bridge was constructed by the defendant, M. C. West, at the lowest point that you marked on here, just this one, which was from four to six feet in height, and assuming further that it had installed in the bridge three railroad cars which had openings in them approximately three and a half feet in height and eight feet in width, and that on top of those railroad cars was from one and a half to two feet of dirt.
Assuming further that it rained on the 6th and 7th in a twenty-four hour period of approximately five inches of rainfall.
Assuming further that from eleven to two a. m. from September the 6th at eleven until two a. m. on September the 7th that there was approximately 3.63 inches of rain.
With all those facts in mind, do you have an opinion as to whether or not the *448 haul bridge constructed by the defendant was a contributing factor in the flooding of Paul's Restaurant?
The defendant contends that the plaintiff's hypothetical question did not present sufficient facts on which to base a reasonable conclusion.
The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the sound discretion of the trial court. Osborn v. Brown, Ala., 361 So.2d 82 (1978). And, an objection to his testimony on the ground of inadequacy of facts goes to the weight of the evidence rather than its admissibility. Dyer v. Traeger, Ala., 357 So.2d 328 (1978).
We think the plaintiff's expert had sufficient facts upon which to base a conclusion. The plaintiff's expert testified at length to his inspection of Valley Creek and the area between the plaintiff's restaurant and the defendant's haul bridge. He stated that he made measurements of the lengths of the various bridges and trestles spanning Valley Creek near the plaintiff's restaurant. He also measured the vertical height available for water to pass through each of the bridges. In addition, he testified that he utilized a great deal of statistical data, and photographs and maps of the flooded area.
The defendant also argues that the plaintiff's hypothetical question assumed facts not in evidence. Specifically, the defendant contends that the plaintiff's expert based his opinion on measurements and statistical data which were not admitted into evidence.
The rule is that hypothetical questions should not contain elements of fact not shown by the evidence. Donaldson v. Buck, Ala., 333 So.2d 786 (1976). However, the fact that the hypothetical does not include every factor or bit of evidence which could conceivably affect the answer or opinion requested does not affect its admissibility, but only the weight the jury might give to the opinion. Louisville & Nashville Railroad v. Self, 45 Ala.App. 530, 233 So.2d 90 (1970). Facts not included in the hypothetical are available for cross-examination and attacking the credibility or reliability of the opinion stated. Clutts v. Clutts, 54 Ala.App. 43, 304 So.2d 599 (1974). In light of the foregoing, we cannot say that the trial court abused its discretion in allowing the plaintiff's expert to answer the hypothetical question.
The defendant next contends that the trial court erred when it allowed the plaintiff to testify to prior floods. The defendant argues that the plaintiff failed to prove that substantially similar conditions were present during the prior floods and the flood made the basis of this suit. We disagree.
To allow proof of an occurrence similar to that claimed to have caused an injury, substantially similar conditions must be shown, but it is not necessary that there be direct proof of the similarity. Southern Railroad v. Lefan, 195 Ala. 295, 70 So. 249 (1915). The nearness of the occasions may afford a presumption that they were similar, or they may be shown similar by other circumstances. Southern Railroad v. Lefan, supra.
The specific testimony objected to by the defendant was that of two prior floods which damaged the plaintiff's restaurant. The first occurred on March 19, 1970 and the second in April of 1977. During the first flood, the plaintiff's restaurant was flooded with six to eight inches of water after 6.91 inches of rain fell during a twenty-four hour period. The second flood in April of 1977 resulted in three inches of water damage to plaintiff's business.
The plaintiff testified that he had been operating his restaurant in its present location since 1954. He stated that he knew of no substantial changes in the area along Valley Creek between his restaurant and the point at which defendant erected the haul bridge.
The defendant cites the plaintiff's lack of knowledge of the entire Valley Creek basin to support his claim of a lack of substantially the same conditions. We do not think the plaintiff can be required to know every change that has occurred along Valley *449 Creek. The plaintiff's testimony that substantially the same conditions existed during the prior floods was direct proof of that fact. In addition, one of the defendant's experts testified that the conditions in Valley Creek from the plaintiff's restaurant to the location of the haul bridge remained substantially the same between 1963 and 1977. Therefore we think the trial court acted properly in allowing proof of prior floods.
The defendant's final contention is that the trial court erred in refusing a number of his requested written charges. Defendant's first set of requested charges instructed the jury that it could not award the plaintiff any damages. As previously noted, there was evidence from which the jury could have determined what part of the plaintiff's damages were caused by the defendant. Therefore we think the trial court correctly refused these charges.
The defendant also objects to the trial court's refusal of a number of charges dealing with certainty of damages. We agree with defendant that these jury charges are a proper statement of the law. However, we have examined the record and have concluded that the trial court covered these charges in its oral charge.
The refusal of a charge, where it is fairly and substantially covered by the court's oral charge, is not error to reversal. Barnes v. Burke, 47 Ala.App. 253, 253 So.2d 46, aff'd 287 Ala. 725, 253 So.2d 56 (1970); Rule 51, ARCP.
For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P. J., dissents.
WRIGHT, Presiding Judge, dissenting.
I must respectfully dissent from the decision of the majority upon the issue of damages. There was evidence that plaintiff's restaurant was opened in 1955; that he had suffered flooding on other occasions prior to the installation of defendant's bridge with resultant damages; that water had entered his premises to certain depths; that after installation of defendant's bridge and upon the occasion complained of, his premises were again flooded but to a greater depth than ever before; that he had again suffered an amount of damage; that the defendant's bridge together with other bridges and obstructions existing theretofore, and the heavy rain caused the premises to flood; the presence of defendant's bridge in the stream substantially contributed to the flooding in some undetermined degree.
There was no evidence from which it could be determined how much flooding there would have been without the presence of defendant's bridge. Thus the evidence requires two speculations: (a) how much deeper was the water in plaintiff's restaurant because of the "substantial" but unknown contribution of defendant's bridge, than it would have been without its contribution; and (b) how much, if any, did the added depth of water increase plaintiff's damage over what it would otherwise have been?
I submit the principle of Kershaw Mining Co. v. Lankford quoted by the majority is the only principle available in this case. The majority says the rule of Kershaw is different from the "reasonable certainty" rule of Ernst and Tanner. It clearly is not different. The court in Ernst specifically denied any difference (p. 1036) between what it said and the rule of Kershaw and the case of Mobile & O. R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606 (1929). The principle of Kershaw was again stated in Law v. Gulf States Steel Co., 229 Ala. 305, 156 So. 835 (1934). It is for the failure to prove to any degree the extent of the contribution of defendant to plaintiff's damages that plaintiff should not recover. Certain it is that there was insufficient proof to sustain a "reasonable certainty" standard. We are not concerned with the difficulty of plaintiff's burden. This is not a case of total damages contributed to by defendant as a joint tort feasor or with concurring negligence. The burden was *450 upon plaintiff to produce evidence from which there could be determined with reasonable certainty the amount of his damage attributable to the tortious act of defendant. He failed to meet the burden in this case both as to cause and effect.
I would hold defendant due a directed verdict.