BRADLEY, Judge.
This is a trespass case.
The present case arose from a suit filed by Annie Golphin in the Circuit Court of Crenshaw County alleging trespass to land and the removal and destruction of personal property. The defendant, Havard Rich-burg, is Golphin’s cousin. He claimed title to the property in question.
It appears from the record that a forty acre tract of land was owned by Jeff and Alabama Richburg. Legal title to the property was held by Alabama Richburg, who died intestate in 1939. In 1943 Jeff Rich-burg conveyed by warranty deed one and one-half acres of the forty acre tract to Annie Golphin. She promptly recorded this deed.
Jeff Richburg and Annie’s husband, James Golphin, went out to view the property. Jeff took metal stakes and marked off the corners of the property. Annie immediately began construction of a six room home on the property. She moved into the home in 1944.
In 1948 Annie moved with her husband and children to Georgia. Before she left, she told a friend, Lawrence Perkins, that he could live in the house if he would take care of it. Perkins moved into the house and lived there for several years. Although the evidence is in dispute, Havard Richburg stated that Perkins lived in the house until 1955.
In 1953 Havard Richburg purchased thirty-six and one-half acres of the forty acre tract at a public auction. The two remaining acres had been sold to a third party. Havard claimed that his thirty-six and one-half acres included the one and one-half acres to which Annie claimed title.
In 1956 Havard filed an ejectment action against Annie Golphin. In 1964 a judgment was entered in favor of Annie Golphin. The record of this proceeding does not show the reason for this judgment.
In the present case Annie Golphin testified that even though she left her home in 1948, she always intended to return. Further she stated that she usually visited Alabama once or twice a year during the time she lived in Georgia. She also testified that she had spent some nights in her house during these visits. It is undisputed that she has paid the taxes on this property continuously since 1943.
Annie also stated that she left numerous items of personal property on her land when she left. All this personalty is now gone. Also there is no trace of her house or well. She further stated that her house was standing within the last five years.
Another witness testified that she saw Havard Richburg removing planks from the house. Havard denied that he had taken any of Annie’s personal property and denied that he dismantled the house. He stated that the house rotted away. He did admit to removing bricks from the fireplace after the house rotted down. Havard has now planted a garden where the house stood.
Morris Tate, a surveyor, testified that based on his survey of the property Havard Richburg’s thirty-six and one-half acres included the property to which Annie claimed title. However, we note that Tate based his opinion on an old survey, and he did not conduct a new survey to establish the corners of the tract.
An attorney testified that Annie’s deed did not convey to her legal title although it was sufficient to give her color of title. Further he stated that the property description on Havard’s deed included the one and one-half acres to which Annie claimed title.
Elizabeth Lizenby, the tax assessor, testified that Annie Golphin had paid the taxes on her one and one-half acres. Further she stated that Havard Richburg paid taxes on his thirty-six and one-half acres. She stated that there was no overlap in these assessments according to her records.
A jury trial was held on the issues of this case. The jury returned a verdict in favor *226 of Annie Golphin and assessed damages at $4,000.00. Havard filed a motion for j.n.o.v. on September 15, 1981. This motion was denied on October 15, 1981. From this denial Havard timely appealed to this court.
The only issue on appeal is whether the trial court properly denied Havard’s motion for j.n.o.v. A motion for j.n.o.v. shall not be granted if there is any conflict in the evidence for the jury to resolve. M. C. West, Inc. v. Battaglia, 386 So.2d 443 (Ala.Civ.App.), cert. denied, 386 So.2d 450 (Ala.1980). Considering the conflict in the evidence, we find that the trial court properly overruled the motion for j.n.o.v.
Havard argues that Annie had no right to maintain a trespass action since she never had legal title to the property. Further he argues that she was not in actual or constructive possession at the time she instituted this trespass action. We cannot agree.
Although it is apparent that Jeff Richburg did not have legal title to convey to Annie, there is evidence to support a finding that she had acquired title by adverse possession. Section 6-5-200, Code 1975, provides that a party can gain title by adverse possession when he can show a deed or other color of title that has been recorded for ten years; he has listed the land for taxation for at least ten years; he derives his title by descent cast or devise from his predecessor in title who was in possession. It is necessary that only one of these alternatives be shown. M. C. Dixon Lumber Co. v. Mathison, 289 Ala. 229, 266 So.2d 841 (1972).
The evidence in this case could certainly support a conclusion that Annie met all three of these alternatives. Her deed was recorded in 1943; she has continuously paid the taxes; she derived her title from Jeff Richburg who was in possession and who claimed title at least by descent from Alabama Richburg.
Havard, however, contends that his deed to the thirty-six and one-half acres included this one and one-half acres and gave him legal title to the property. There was evidence upon which the jury could have based its conclusion that Havard’s deed did not include this one and one-half acre parcel. The original tract was forty acres. Two acres were owned by another party. Annie claims title to one and one-half acres. This leaves thirty-six and one-half acres which the jury could have concluded was the property owned by Havard.
Further, Havard cannot contend that he was a good faith purchaser without notice so as to protect him from Annie’s claim. Clearly when he purchased his property he knew that Annie claimed an interest. He stated that Lawrence Perkins was living on Annie’s property when he made his purchase. Further, Annie’s house was visible and open and would be sufficient notice of a prior claim, as well as the fact that she had recorded her deed. Therefore the jury could certainly conclude that he was not a bona fide purchaser without notice. See Orso v. Cater, 272 Ala. 657, 133 So.2d 864 (1961).
Havard contends in the alternative that even though he might not have legal title through his deed, he does have title through adverse possession. We have previously discussed the elements of statutory adverse possession and find that the evidence supports a jury finding that Havard had not met these requirements.
The only other method by which Havard could have acquired title is by prescription. To claim by prescription, Havard would have to have had open, notorious, and hostile possession of the property for a period of twenty years. The evidence is in dispute as to how long Havard openly possessed the property. His garden has been on the property only the last few years. There is enough evidence for the jury to conclude that Havard had not adversely possessed the property for twenty years.
Havard finally argues that Annie could not maintain an action for trespass because she was not in actual or constructive possession of the property. Constructive possession of land resulting from legal title is sufficient to support an action of trespass to land when the person commit *227 ting the trespass is not in adverse possession. Frost v. Johnson, 256 Ala. 383, 54 So.2d 897 (1951). Clearly, there is evidence to support a finding that Annie was in constructive possession of the property.
In the present case there was a great conflict in the evidence as to who had legal title to the property in question and as to whether Annie had actual or constructive possession of the property. The jury resolved this conflict in favor of Annie. Considering the conflict in the evidence, the trial court did not err in denying Havard’s motion for j.n.o.v.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.