This is an appeal from a summary judgment in favor of a third-party defendant, Spann, Hall, Ritchie, Inc. We affirm.
On October 1, 1980, the Dothan Assisted Housing Corporation, hereinafter referred to as DAHC, entered into a development contract with the Atlanta-based architectural firm of Sheetz, Aiken Aiken, Inc., hereinafter referred to as "Sheetz." In the contract, Sheetz, as developer and architect, agreed to design and oversee the construction of a subsidized housing project in Dothan, Alabama, as well as to act as the inspecting architect, making weekly inspections and reports to DAHC of observed defects or deficiencies. Sheetz also agreed to verify and certify that the project, upon completion, complied with the plans and specifications as originally drafted by Sheetz, and that final payment was appropriate.
Prior to execution of the development contract, Sheetz contacted Spann, Hall, Ritchie, Inc., hereinafter referred to as "Spann," with the intention of hiring it to serve as the inspecting architect designated in the development contract. Spann refused, but in a contract entered into with DAHC on August 8, 1980, Spann agreed to provide the limited architectural service of verifying monthly payments to the contractor under the contract. The contract between DAHC and Spann more particularly described Spann's duties and liabilities as architect as follows:
 "[The architect shall make] periodic visits to the site to familiarize himself generally with the progress of the work observed and to determine in general if the work is proceeding in accordance with the contract documents. The ARCHITECT shall not be required to make any exhaustive or continuous onsite inspections to check the quality and quantity of the work. The ARCHITECT shall not be responsible for construction means, methods, techniques, sequences, or procedures or for safety precautions and programs in connection with the work, and shall not be responsible for the contractor's failure to carry out the work in accordance with the contract documents.
". . . .
 "1.1.2 Based upon the observations at the site on the contractor's application for payment, the ARCHITECT shall determine the amount owing to the contract [sic] for 'direct construction costs' and shall approve applications for payments in such amounts. The approval of applications for payment shall constitute a representation by the ARCHITECT to the OWNER and other authorized agencies, based on the ARCHITECT'S observations at the site as provided in subparagraph 1.1.1 and the data comprising the application for payment, that the work has progressed to the point indicated; to the best of ARCHITECT'S knowledge, information and belief. By signing an application for payment, the ARCHITECT shall not be deemed to represent that he has made assertions or that he has made any examinations to ascertain how and for what purpose a contract [sic] has used the monies paid on account of the contract sum.
". . . .
 "1.1.4 The ARCHITECT shall not be responsible for the acts or omission of the contractor, or any subcontractors, or any other contractor or subcontractors, agents or employees, or any person performing any work."
DAHC filed suit against two defendants, Sheetz and Albert G. Smith, Inc., the firm hired by Sheetz to do the actual construction on the housing project. The complaint alleges that Sheetz breached its contract with DAHC by failing to deliver a building free of defect and constructed in accordance with the plans and specifications set forth in the contract. The complaint also contains allegations that both defendants breached implied warranties of habitability, that Sheetz fraudulently failed to comply with the plans and specifications of the contract, and that Sheetz fraudulently misrepresented *Page 101 
the quality of the materials and workmanship used on the project.
After service of the complaint, Sheetz filed a third-party complaint against a number of defendants, including Spann. In the third-party complaint, Sheetz incorrectly designated Spann by the corporate name of Phillip Spann and Associates, Inc., a corporation formed by Phillip Spann after the dissolution of Spann, Hall, Ritchie, Inc., on October 25, 1983. In January of 1986, on motion of Sheetz, Spann was substituted as the correct party.
Sheetz alleged liability on the part of Spann as follows:
 "157. On January 15, 1980, Sheetz entered into a contract with Smith for the construction of the Vaughn Towers Project in Dothan, Alabama.
 "158. The third-party defendant, Spann, on August 8, 1980, entered into an agreement with the Housing Corporation to provide professional services and to be compensated for the services performed in the completion of the housing project.
 "159. On November 13, 1984, the Housing Corporation filed a complaint naming Sheetz as a party defendant therein.
 "160. Defendant, Sheetz is a third-party beneficiary of any contract, subcontract or any agreement by any party herein involved in the construction or otherwise involved in this project.
 "161. If Sheetz is liable to the Housing Corporation for the allegations and damages complained of in its complaint, then it is liable because of the breach of the third-party defendant, Spann, of its agreement to observe and determine if the work on the project is proceeding in accordance with the contract documents and other duties under its agreement with the Housing Corporation and the damages claimed by the Housing Corporation in its complaint resulting therefrom.
 "WHEREFORE, Sheetz demands judgment against the third-party defendant, Spann, for all sums which may be adjudged against Sheetz in favor of the plaintiff that grew out of the damages resulting from the breach of the third-party defendant, Spann, of its agreement with the Housing Corporation."
Spann filed a motion to dismiss and a motion for summary judgment, asserting, inter alia, that the plaintiff was not a third-party beneficiary. The motion for summary judgment was based primarily on the pleadings, copies of the contracts between DAHC and Spann and between DAHC and Sheetz, and testimony of Francis Sheetz and Paul Carpenter, executive director of DAHC. Transcripts of the testimony referred to in the motion for summary judgment were not filed with the clerk until September 1986, after the summary judgment had been granted.
Sheetz did not file any opposing evidence or counter-affidavits prior to the July 23, 1986, court order granting the motion for summary judgment. However, on August 22, 1986, Sheetz filed a motion to reconsider, accompanied by exhibits and the affidavit of Francis Sheetz. The motion was deemed denied 90 days later, on November 20, 1986 (Rule 59.1, A.R.Civ.P.), and this appeal followed.
On appeal, Sheetz contends that the trial court should not have considered the testimony referred to in Spann's motion for summary judgment, because the transcripts of the testimony were not actually filed with the court until after the summary judgment was granted. We agree.
It is well recognized that " '[t]he trial court can consider only that material before it at the time of submission of the motion' and that any material filed thereafter 'comes too late' ". Osborn v. Johns, 468 So.2d 103, 108 (Ala. 1985) (quotingGuess v. Snyder, 378 So.2d 691 (Ala. 1979)). Putting the affidavits aside, however, there was still ample evidence from which the trial court could conclude that summary judgment was proper in this case.
To recover under a third-party beneficiary theory, the complainant must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; *Page 102 
and 3) that the contract was breached. Stacey v. Saunders,437 So.2d 1230 (Ala. 1983); Sly v. South Central Bell, 387 So.2d 137
(Ala. 1980); Federal Mogul Corp. v. Universal Construction Co.,376 So.2d 716 (Ala.Civ.App. 1979) (cert den.). It is clear from the express language of the contract between DAHC and Spann that they did not intend to bestow a benefit upon Sheetz. The contract expressly states that Spann is not responsible in any fashion for the acts or omission of the contractor, subcontractors, agents, or employees performing the work. The contract also states that Spann:
 "[S]hall not be responsible for construction means, methods, techniques, sequences, or procedures or for safety precautions and programs in connection with the work, and shall not be responsible for the contractor's failure to carry out the work in accordance with the contract documents."
Sheetz's duties and responsibilities as inspecting architect to file weekly reports of defects and deficiencies in the project, and on completion, to verify and certify that the project was in accordance with the agreed-upon plans and specifications, were clearly mutually exclusive from Spann's limited role of determining the amount owing on the contract for direct construction costs and approving applications for payment of such amounts. Moreover, there is absolutely no evidence that Spann breached its contract with DAHC. Accordingly, we hold that Sheetz was not a third-party beneficiary of the contract between Spann and DAHC.
Because there is no genuine issue of material fact, the judgment of the trial court is affirmed. Rule 56, A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.