ADAMS, Justice.
This is an appeal from a summary judgment in favor of the defendants, Chip Gaier and Clark-Finn Pizza, Inc. The plaintiffs, Ronald Thompson, Susan Diane Thompson, Rhonda D. Thompson, and Michael W. Thompson, sued the defendants for negligently operating a motor vehicle and negligently maintaining and enforcing a policy of pizza delivery. The trial court granted defendants’ motion for summary judgment on the basis that the injuries to the plaintiffs were not foreseeable and, therefore, that no proximate cause existed. The Thompsons argue that the trial court erred in granting the motion because a dispute concerning a material fact existed. We disagree and affirm.
On October 10,1985, Chip Gaier operated a motor vehicle to deliver pizza pursuant to his employment with Clark-Finn Pizza, Inc. Late in the afternoon on October 10, Ronald Thompson and his daughter Rhonda washed the family car. After finishing the washing, Rhonda took the bucket of wash water to the curb to dispose of it. At approximately 6:15 p.m., Mr. Gaier drove his motor vehicle onto the Thompson property, knocking down the mailbox and nearly hitting Rhonda. Mr. Thompson observed the accident while walking in his front yard. Michael Thompson was inside the house during the whole incident, where he watched from the living room. At the time of the incident, Susan Diane Thompson, wife and mother, was away; upon returning home, she saw Michael and a friend changing a tire on Mr. Gaier’s automobile.
At the time of the accident, Mr. Thompson was not employed, as he was recovering from his third back surgery. On the day of the incident, he had been out of his back brace for four days. He alleges that *776 he reinjured his back when he quickly turned to see the commotion caused as Mr. Gaier drove onto his property. Mrs. Thompson, who was not present during the accident, claims to have had to endure emotional trauma. Both children, Michael and Rhonda, in reply to an interrogatory concerning their claimed injuries, responded “N/A” or not applicable.
The main purpose for the motion for summary judgment is to test the character of the evidence and to determine if any genuine issues of material fact exist. Tripp v. Humana, Inc., 474 So.2d 88 (Ala. 1985). Generally, the question of whether proximate cause exists is one for the jury; however, when the facts are such that all reasonable men must draw the same conclusion, the question of proximate cause then becomes one for the courts. Peevy v. Alabama Power Co., 393 So.2d 971 (Ala. 1981). In a negligence action, liability is imposed only where the injury is the “natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury.” Vines v. Plantation Motor Lodge, 336 So.2d 1338, 1339 (Ala.1976).
“‘ * * * Proof which goes no further than to show an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur, where from the same proof the injury can, with equal probability, be attributed to some other cause. Such a condition is equivalent to an absence of evidence to the true cause, and, when seen clearly to exist, imposes on the court the duty of determining, as a matter of law, against any right of recovery dependent upon the establishment of the causal connection between the injury and the alleged cause. * * Maddox v. Ennis, 274 Ala. 229, 230, 231, 147 So.2d 788, 789 (1962), quoting from Southworth v. Shee, 131 Ala. 419, 30 So. 774 (1901).
Peevy, 393 So.2d at 973 (emphasis added in Peevy).
In this case, the two children did not suffer any injuries, as evidenced by their responses to the interrogatories. Susan Thompson was not present during the accident. It is clear that the injuries she claims were not forseeable. Ronald Thompson was present during the accident. However, he claims his physical injury as a result of the “commotion” that occurred in his front yard. Like the injuries alleged by his wife, those claimed by Mr. Thompson could not be viewed as forseeable and as a proximate result of Mr. Gaier’s driving the car onto the property. As to defendant Clark-Finn Pizza, Inc., the plaintiffs have adduced no evidence of any negligence. Mr. Thompson responded to the following interrogatory as follows: “State each and every fact upon which you base your allegation that the alleged negligence of Clark-Finn Pizza, Inc., caused you an injury or damage.” Mr. Thompson: “The company never called to check on the situation and they would not send anyone to our home to discuss the situation.”
The lack of cooperation on behalf of the defendant does not, in this case, provide any basis for the Thompsons’ claim that Mr. Gaier, as Clark-Finn’s employee, made Clark-Finn Pizza, Inc., liable for the Thompsons’ alleged injuries. Therefore, as the plaintiffs have adduced no evidence to show that the defendants proximately caused their injuries, the trial court correctly granted the summary judgment and that judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.