Mona Graham appeals from a summary judgment in favor of Wal-Mart Stores, Inc., on her claim for negligence. We affirm.
On May 8, 1985, Mona Graham and her children were in the pet department of the Wal-Mart store in Opelika looking at tropical fish. While Mrs. Graham was waiting for the attendant to retrieve one of the fish she intended to buy, she noticed that her two-year-old daughter was standing in front of a stacked display of "whirly-bird" turbine ventilators. The stacks of ventilators began falling toward her daughter; Mrs. Graham ran toward her, slipped, and fell, and fractured her leg. None of the boxes fell on her or her daughter, and the *Page 939 
only injury was that sustained by Mrs. Graham in her fall.
On February 3, 1986, Graham sued Wal-Mart for negligence, and on June 12, 1987, the trial court granted summary judgment in favor of Wal-Mart, finding that Mrs. Graham had failed to present any evidence of negligence on the part of the defendant that proximately resulted in her injuries.
The only issue is whether the trial court erred in granting summary judgment. Graham argues that there was a scintilla of evidence of an unreasonably dangerous condition in Wal-Mart. Eyewitness testimony was that there was nothing on the floor where Mrs. Graham fell, and she testified that she did not know of anything on the floor that caused her to fall. Rather, she alleges negligence on the part of Wal-Mart in the way the boxes were displayed.
"The main purpose for the motion for summary judgment is to test the character of the evidence and to determine if any genuine issues of material fact exist." Thompson v. Gaier,512 So.2d 775, 776 (Ala. 1987). The existence of proximate cause is generally a jury question except where all reasonable men would draw the same conclusion, in which case it is a question of law for the trial judge. Id.
There is no factual dispute as to the circumstances of Graham's fall. Essentially, the leaning display prompted her to run toward her daughter; she did not trip over a box or fall while trying to deflect one from her daughter. "[I]njury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." Vines v. Plantation MotorLodge, 336 So.2d 1338, 1339 (Ala. 1976). "The owner of a premises . . . is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee." Tice v. Tice, 361 So.2d 1051, 1052
(Ala. 1978). Compare Richardson v. Kroger, 521 So.2d 934
(Ala. 1988) (focus of inquiry in slip and fall case involving store is whether storekeeper acted reasonably in discovering and removing foreign objects from floor, not on chosen method of displaying and packaging goods).
The display was more the catalyst for Graham's movement than the proximate cause of her fall. Because proximate cause is a necessary element in proving negligence on the part of Wal-Mart, Mrs. Graham would not prevail on her negligence theory. Thus, the trial court was correct in granting summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.