Beverly Ann Perry, an invitee of Hancock Fabrics, Inc., fell while walking down the stairs inside the Hancock Fabrics store. Ms. Perry sued Hancock Fabrics and fictitiously named parties, alleging that they had negligently or wantonly allowed a dangerous condition to exist on the premises without warning Ms. Perry that the dangerous condition existed and alleging that they had "merchandis[ed] cloth and other accessories, causing [Ms. Perry] to look at said merchandise which caused [Ms. Perry] to fall." Hancock Fabrics denied the allegations of the complaint, alleged that Ms. Perry had been negligent and that her own negligence had contributed to cause her fall, and moved for summary judgment based on the pleadings and on Ms. Perry's deposition. The trial court granted Hancock Fabrics a summary judgment and made it final under Rule 54(b), A.R.Civ.P. Ms. Perry appeals. We affirm.
Ms. Perry testified that the display did not cause her to fall. Ms. Perry presented no evidence to controvert her testimony on this issue. Likewise, Ms. Perry testified that she had walked down the steps hundreds of times on occasions prior to her fall; that she had never had any problem walking down the steps before the occasion of her fall; that she did not notice, nor had she been told, that anything was wrong with the steps that caused her to fall; that she was holding onto the rail; that she does not know what caused her to fall; that since she fell she has been up and down the steps without falling, "because I have been paying attention"; that she watches the steps more closely now than she did before she fell and she takes the steps one at a time; and that she had not complained to anyone about the steps before she fell.
Ms. Perry presented absolutely no evidence to show that there was any hazard or defective condition on the steps at the time that she fell. In Folmar v. Montgomery Fair Co., 293 Ala. 686,309 So.2d 818 (1975), Ms. Folmar testified unequivocally, in affidavit, that she did trip on something, although she could not say exactly what it was. Pictures taken of the premises showed that legs of tables stuck out into the aisle that Ms. Folmar was walking down at the time that she fell and that the tables were covered with long tablecloths so that Ms. Folmar did not notice the legs extending out from under the tables into the aisles. By a 5-4 vote, this Court held that this was sufficient to reverse the summary judgment for the defendant.Folmar was decided when the scintilla rule applied to summary judgments. Ms. Perry's suit was filed on November 30, 1987, and, hence, the scintilla rule of evidence is not applicable to this case. Act No. 87-184, Ala. Acts 1987 (codified at Ala. Code 1975, § 12-21-12), abolished the scintilla rule, effective June 11, 1987, and replaced it with the "substantial evidence rule." We are persuaded that with the state of the record, Ms. Perry could not prevail, even using the scintilla rule of evidence; and, certainly, she can not under the substantial evidence rule.
We held in Graham v. Wal-Mart Stores, Inc., 529 So.2d 938,940 (Ala. 1988):
 " 'The owner of a premises . . . is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.' Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978)."
There is no evidence that Hancock Fabrics breached any duty that it owed Ms. Perry (no evidence of initial legal liability); therefore, summary judgment was appropriate, for duty and breach of duty (initial legal liability) are essential elements of causes of action for negligence and wantonness. The trial court did not err in entering Hancock Fabrics' summary judgment.
AFFIRMED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
JONES, J., concurs in the result. *Page 523