ON APPLICATION FOR REHEARING
The opinion of May 24, 1991, is withdrawn and the following is substituted therefor:
Samuel L. Bean III and his wife, Leigh Ann Bean, appeal from a summary judgment in favor of State Farm Fire and Casualty Company. We affirm.
In August 1984, the Beans bought a house from Robert and Sue Burleson. At that time, BancBoston Mortgage Corporation held a mortgage on the house and the homeowner's insurance policy was with State Farm. When the Beans purchased the house, they assumed the mortgage. Included in the Beans' monthly mortgage payment was an amount to pay the insurance premiums, which BancBoston forwarded to State Farm.
On January 29, 1985, BancBoston mailed State Farm a letter directing it to change the name of the insured in the policy to reflect that the Beans were the new owners of the house. State Farm did not make the requested change and failed to take any other action in regard to the policy for over two and one-half years. During that time, State Farm accepted premium payments from BancBoston on behalf of the Beans. On August 6, 1987, Bobby Daily, a State Farm agent, apparently realized that State Farm had not changed the policy to reflect that the Beans were the owners of *Page 19 
the house. Daily mailed a letter, which included an insurance application, to the Beans, stating that they needed to complete the application in order to have the insurance on the house placed in their name.
Daily testified that he received no response from the Beans and that he was unsuccessful in several attempts to reach them by telephone. Daily eventually went to the Beans' house and photographed the property. Subsequently, Daily recommended that State Farm cancel the policy on the Beans' house on the grounds that there had been a material increase in risk because of what he termed the Beans' "poor housekeeping."
On September 10, 1987, State Farm mailed a certified letter to the Burlesons informing them that it was canceling the insurance policy on the house. State Farm also sent a letter to BancBoston informing it that the policy was being canceled. On September 26, 1987, BancBoston notified the Beans that State Farm had canceled the insurance coverage on their house and that, if they did not procure insurance of their own, then BancBoston would purchase insurance for the Beans. The Beans did not obtain any insurance; consequently, BancBoston purchased a 30-day insurance binder on the Beans' house from a different insurer. The Beans continued to make their mortgage payments, to which the amount to be used to pay an insurance premium had been added.
BancBoston subsequently sold the Beans' mortgage to Leader Federal Savings Loan Association. Leader Federal tendered a check to State Farm in the amount of the insurance premium on the Beans' house for 1987. State Farm returned the check to Leader Federal. On February 26, 1988, a fire destroyed the Beans' house. The Beans submitted a claim to State Farm. After a State Farm claims committee reviewed the Beans' claim, it refused to pay the claim on the grounds that the Beans' insurance policy had been canceled on September 10, 1987.
On June 24, 1988, the Beans filed an action in the Jefferson County Circuit Court against State Farm, BancBoston, and Leader Federal. The complaint against State Farm alleged breach of contract, fraud, and bad faith refusal to pay a claim. The trial court issued a pretrial order on February 20, 1990. That order contained an agreed-to summary of the facts and a statement regarding each party's position and argument.
On April 30, 1990, State Farm filed a motion for summary judgment, contending that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. State Farm offered a brief in support of its motion for summary judgment, which relied on the terms of the policy at issue and on certain undisputed facts set out in the pretrial order. State Farm argued that it was undisputed that it had canceled the policy on the Beans' house, that the Beans had been notified of the cancellation on September 26, 1987, and that State Farm had not accepted any further premium payments on the policy after that date. These facts had been included in the February 20, 1990, pretrial order.
On May 9, 1990, in response to State Farm's motion for summary judgment, the Beans submitted a "Filing in Opposition to Motion for Summary Judgment." The trial court conducted a hearing on the motion for summary judgment on May 11, 1990. Although the Beans' "filing" stated that they relied upon the pretrial order, all depositions taken in the case, the answers to interrogatories, and a supplement to the pretrial order that the Beans had filed, no deposition was attached or submitted with the "filing."
On May 14, 1990, the trial court entered a summary judgment in favor of State Farm on the Beans' bad faith and fraud claims. In its order the trial court held that a summary judgment was due to be entered because there were no genuine issues of material fact and State Farm was entitled to a judgment as a matter of law. The pretrial order also stated that the Beans had voluntarily withdrawn their claim alleging breach of contract against State Farm, and the trial court dismissed that claim with prejudice. *Page 20 
The Beans' claims against BancBoston and Leader Federal were tried before a jury. On May 18, 1990, the jury returned a verdict in favor of the Beans against Leader Federal for $80,000. The jury found in favor of BancBoston. The trial court entered a judgment in favor of the Beans against Leader Federal and in favor of BancBoston.
The depositions relied on in the Beans' "filing" in opposition to State Farm's motion for summary judgment were not actually submitted to the trial court until June 12, 1990, when the Beans filed a "Motion For Relief" regarding the trial court's order entering summary judgment in favor of State Farm on the Beans' bad faith claim.[1] At a hearing on July 11, 1990, the trial court overruled the Beans' motion. The Beans appeal the summary judgment on the bad faith claim, arguing that there was a genuine issue of material fact before the trial court. Specifically, the Beans argue that the trial court had before it "unrebutted" proof that the policy had been invalidly canceled and that State Farm had failed to investigate the reason for the cancellation when the Beans filed their claim. This "unrebutted" proof is allegedly based upon statements made in depositions by James McCain (a State Farm claims supervisor) and Bobby Daily.
This Court has repeatedly recognized that " '[t]he trial court can consider only that material before it at the time of submission of the motion' and that any material filed thereafter 'comes too late.' " Sheetz, Aiken Aiken, Inc. v.Spann, Hall, Ritchie, Inc., 512 So.2d 99, 101 (Ala. 1987) (quoting Osborn v. Johns, 468 So.2d 103, 108 (Ala. 1985));Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala. 1980);Guess v. Snyder, 378 So.2d 691, 692 (Ala. 1979). In reviewing a summary judgment, this Court is limited to the evidence that was before the trial court when it ruled on the motion for summary judgment. Prudential Ins. Co. of America v. Coleman,428 So.2d 593, 598 (Ala. 1983).
Reviewing the record, we find that the depositions that the Beans relied upon in their "Filing in Opposition to Motion for Summary Judgment" were not presented to the trial court untilafter it had ruled on the motion for summary judgment. This fact was made clear at the May 14, 1990, pretrial hearing. At that hearing the attorneys for the Beans attempted to introduce into evidence the depositions cited in their "filing":
 "THE COURT: Well, it's too late for you to be filing evidence.
 "PLAINTIFFS' LAWYER: Let me respond to that, Judge. One thing we did file in opposition, it's entitled 'Plaintiff's Filing in Opposition to Motion for Summary Judgment Filed by the Defendant State Farm Fire and Casualty Company.' And against that, we proffered and tendered and submitted the pretrial order entered in the action, including amendments, supplement thereto and the legal authorities cited.
"THE COURT: Right.
". . . .
 "PLAINTIFFS' LAWYER: All of the depositions taken in this action. . . .
 "THE COURT: There was no evidence before the court. . . . As you know, by local rule, depositions are not filed. I had no evidence. There was none attached to it, and I had no evidence.
". . . .
 "THE COURT: . . . [T]he hearing on that motion was last week at the very latest.
 "PLAINTIFFS' LAWYER: Judge, I understand that. . . . I am telling you what we tendered to you in opposition to that motion.
". . . .
 "Judge, I disagree respectfully and except to the notion that when we proffer depositions in opposition to a motion for summary judgment, that it is a nullity, a functus officio. I don't know how else to do it.
 "THE COURT: It's a very simple proposition. I've got to have them in my hands to consider them.
Listen to me, I want this record to be clear that *Page 21 
this is not a technical thing. It's just very simple, those depositions were not filed in court, and I did not have my hands on them; therefore, I could not — what I was saying to you was that I simply did not read them because I did not have them. They were not filed in court and were not filed in accompanying anything. I did not see them. I did not have an opportunity to read them. You may be sure, and I think you well know, I would have read them had I had them."
(Emphasis added.)
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. We further note that on a motion for summary judgment all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of material fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989).
The burdens placed on the moving party by this rule have often been discussed by this Court:
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980)."
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting from Schoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovants meet their burden by "substantial evidence." Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test, the nonmovants must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); Ala. Code 1975, § 12-21-12(d). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." W. Schwarzer,Summary Judgment Under the Federal Rules: Defining GenuineIssues of Material Fact, 99 F.R.D. 465, 481 (1982).
The record shows that the Beans failed to present to the trial court the depositions upon which they relied in their "filing." The trial court clearly explained why the evidence a party relies upon at the summary judgment stage must be presented when the motion or the response thereto is submitted to the trial court for consideration. The trial court can not consider evidence that is not before it. Therefore, we must look at the evidence that was available to the trial court at the time the motion for summary judgment was ruled upon and determine whether, based on that evidence, there was a genuine issue of material fact regarding the Beans' bad faith claim. See, e.g., Prudential Ins. Co. of America, supra.
The elements of a bad faith claim were summarized inNational Security Fire Cas. Co. v. Bowen, 417 So.2d 179, 183
(Ala. 1982):
 "An insurer is liable for its refusal to pay a direct claim when there is no lawful basis for the refusal coupled with actual knowledge of that fact. Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala. 1981). No lawful basis 'means that the insurer lacks a legitimate *Page 22 
or arguable reason for failing to pay the claim.' Gulf Atlantic Life Ins. Co. v. Barnes, [405 So.2d 916 (Ala. 1981)]. When a claim is 'fairly debatable,' the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. Ibid.
 "Under those authorities the plaintiff in a 'bad faith refusal' case has the burden of proving:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
 "In short, the plaintiff must go beyond the mere showing of nonpayment and prove a bad faith
nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim."
(Emphasis in original.) See also Thomas v. Principal FinancialGroup, 566 So.2d 735 (Ala. 1990).
The only evidence the trial court had before it at the time it considered State Farm's motion for summary judgment was the statement of undisputed facts set out in the February 20, 1990, pretrial order, namely, that State Farm had canceled the Beans' policy approximately five months before the fire, that BancBoston had notified the Beans on September 26, 1987, that the policy had been canceled, and that State Farm had not accepted any more premiums from BancBoston or Leader Federal on the Beans' behalf. These facts offered no inference that a contract of insurance existed between State Farm and the Beans when the fire occurred on February 26, 1988. The Beans, therefore, failed to meet their burden of proof in their bad faith claim against State Farm, because they offered no evidence that there was an insurance contract between the parties and that the insurer had breached that contract.National Security Fire Cas. Co., 417 So.2d at 183.
The Beans argue on appeal that the deposition of McCain provided substantial evidence that State Farm intentionally failed to investigate whether the Beans' policy had been wrongfully canceled. However, this evidence comes too late, because McCain's deposition was not presented to the trial court in time to be considered on State Farm's motion for summary judgment. Sheetz, Aiken Aiken, 512 So.2d at 101. We can not consider it for the first time on appeal. Osborn v.Johns, 468 So.2d 103, 108 (Ala. 1985); Prudential Ins. Co. ofAmerica, 428 So.2d at 598.
The evidence before the trial court when it ruled on State Farm's motion for summary judgment could not be taken as "substantial evidence" of a bad faith failure to pay an insurance claim. There was no evidence before the trial court to indicate that a contract existed between the Beans and State Farm at the time of the fire; therefore, State Farm was entitled to a judgment as a matter of law. See,Thomas, supra. The judgment of the trial court is therefore affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The Beans did not challenge the summary judgment entered on their fraud claim. *Page 23