972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean L. PALEY, Plaintiff-Appellant,
v.
SHOALS CONSOLIDATED FOODS, INC., Defendant-Appellee.
 No. 91-5818.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.[1]
 PER CURIAM.
 
 
 1
 Jean Paley appeals the district court's grant of directed verdict to Shoals Consolidated Foods, Inc. in this tort action brought by Paley for damages she alleged she incurred at a restaurant owned by Shoals. For the following reasons, we affirm the district court.
 
 
 2
 After a meal at the Bonanza Restaurant, located in Muscle Shoals, Alabama, Paley exited the restaurant by way of a handicapped access ramp. On her way down the ramp, Paley fell, severely fracturing her right ankle. Thereafter, Paley, who is a native of Memphis, Tennessee, brought suit against several defendants in federal district court based on diversity jurisdiction. By the time of this appeal, only Shoals remains as a defendant. Paley's state-based tort claims allege that her fall and consequent injuries directly and proximately resulted from Shoals' negligence in the construction, design, and maintenance of the ramp at the Bonanza Restaurant.
 
 
 3
 At trial, Paley argued that theories of negligence and negligence per se supported her claim for damages from Shoals. Shoals responded that both theories were fatally flawed by Paley's inability to show that Shoals proximately caused Paley's injury. Following both parties' presentations of proof, the district court granted Shoals' motion for directed verdict, finding Paley had failed to make a prima-facie case for negligence or negligence per se because she could not show what caused her to fall.
 
 
 4
 Paley makes two arguments on appeal. First, Paley argues that the testimony provided sufficient inferences to support a finding in her favor. Second, Paley claims she made a prima-facie case of negligence per se because Shoals' ramp outside the Bonanza Restaurant did not comply with applicable codes and regulations.
 
 
 5
 Alabama law controls the substantive issues in this case because the last event to produce liability occurred in Alabama. See Potti v. Duramed Pharmaceuticals, Inc., 938 F.2d 641, 645 (6th Cir.1991) (a federal court exercising its diversity jurisdiction applies the standard for a directed verdict used by courts of the state whose substantive law governs the action); Bailey v. Chattem, Inc., 684 F.2d 386, 392 (6th Cir.1982) (under Tennessee conflicts law, the substantive law of the state where the wrong occurred applies, absent a contrary public policy; the place of the wrong is the state where the last event necessary to make the actor liable occurred). To show negligence under Alabama law, Paley must prove that Shoals breached a duty of reasonable care to her and that this breach proximately caused her injury. Raspiliar v. Bruno's Food Stores, Inc., 514 So.2d 1022, 1023 (Ala.1987). To show negligence per se under Alabama law, Paley must show that Shoals violated a statute or ordinance that was enacted to protect a class of persons that includes Paley, that the injury suffered by Paley was of a type contemplated by the statute, and that the violation proximately caused Paley's injury. Elder v. E.I. DuPont De Nemours and Co., Inc., 479 So.2d 1243, 1248 (Ala.1985). Causation is a substantive element of both theories of recovery advanced by Paley.
 
 
 6
 When entertaining a motion for directed verdict, a trial court, under Alabama law, must consider whether "substantial evidence" exists to submit an issue of fact to the jury. Ala.Code § 12-21-12 (1987); see also Perry v. Hancock Fabrics, Inc., 541 So.2d 521, 522 (Ala.1989) (substantial evidence standard, effective June 11, 1987, replaced "scintilla of evidence" rule). Substantial evidence means "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the facts sought to be proven." Economy Fire & Cas. Co. v. Goar, 551 So.2d 957, 958 (Ala.1989) (quoting from Ala.Code § 12-21-12(d)).
 
 
 7
 The district court properly granted a directed verdict for Shoals because Paley did not present substantial evidence to support her claim. The trial-court record does not contradict the court's finding that Paley failed to show proximate cause between an alleged defect in the ramp and her fall. At trial, Paley argued that her injury resulted because the ramp was too steep and its surface was uneven. Paley's testimony, however, does not support her theory of causation. At several points during trial, Paley testified that she observed nothing on or about the ramp that could have made her slip and that she did not know why she fell. The fact that she was looking intently down at the ramp as she walked out of the restaurant also supports the courts' holding that she failed to show proximate cause of her injury on Shoals' part. The testimony of her expert indicates that the ramp had a certain steepness, but it is insufficient to prove that Paley's fall resulted from the ramp's steepness.
 
 
 8
 Even under Alabama's "scintilla of evidence" rule, which was the rule prior to 1987 and which would have been a more favorable evidentiary rule to Paley, Paley would lose. Merely showing the existence of a possible defect, without linking it to the plaintiff's harm, is not even a scintilla of evidence to show proximate cause. See Perry, 541 So.2d at 522.
 
 
 9
 We also reject Paley's argument that the trial court erred by not crediting her expert witness testimony that the ramp was not in compliance with applicable codes and regulations. Paley fails to recognize that, for negligence per se to be shown, proximate causation must be demonstrated. Because we find that Paley has failed to sufficiently demonstrate proximate cause on Shoals' part, whether or not Shoals was in compliance with the applicable state regulations is irrelevant.[2]
 
 
 10
 For the foregoing reasons, we affirm.
 
 
 
 [1]
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 As Paley did not choose to include in the appendix or in the record transmitted on appeal the testimony of the expert, this court can only guess as to what his testimony provided on the failure of the ramp to comply with applicable codes and regulations. It is not appropriate to reverse a judgment of a district court based on speculation by this court