Yolanda ASHLEY, Plaintiff,

v.

Arvind PATEL, M.D., et al., Defendants.

No. CV–94–A–1155–E.

United States District Court,
M.D. Alabama, Eastern Division.

Dec. 22, 1994.

---

424

Britt S. Booth, Montgomery, AL, for plaintiff.

E. Hamilton Wilson, Jr., Allison L. Aford, Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on Plaintiff's Motion to Remand to the Circuit Court of Macon County, Alabama, filed on October 14, 1994.

Plaintiff Yolanda Ashley ("Ashley") filed suit in state court on July 28, 1994, asserting tort claims that relate to an alleged sexual assault. All of plaintiff's claims are based on substantive state law. Defendant, Arvind Patel, M.D. ("Patel"), was served with process on August 8, 1994, and filed a timely Notice of Removal on September 7, 1994. Patel cites 28 U.S.C. § 2671, which sets forth the definitions of terms for the Federal Tort Claims Act (FTCA), as the basis for federal jurisdiction in this matter. Defendant contends that he was a federal employee who is being sued for actions taken in the course of his employment and as such the FTCA applies. Plaintiff asserts that the defendant is a private physician, not an employee of the United States.

For the reasons set forth below, the court finds that Plaintiff's Motion to Remand is due to be GRANTED.

### II. FACTS

Tuskegee University (the "University") operates the Tuskegee Job Corps Center (the "Center"), a private, for-profit organization funded by the federal government. The Job Corps is a nationwide program that was established by the Economic Opportunity Act of 1964. The Job Corps provides training to disadvantaged youths across the country. The Tuskegee Center receives all of its funding from the federal government, specifically from the Department of Labor, which administers the Job Corps program nationally.

Defendant is a physician who was employed at Tuskegee University to provide medical services to the students enrolled in the Job Corps Center. Plaintiff was enrolled in the Tuskegee Job Corps Center at the time the alleged incidents occurred.

### III. STANDARD

Federal courts are courts of limited jurisdiction. *See, Kokkonen v. Guardian Life Ins. Co. of Am,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen,* —— U.S. at ——, 114 S.Ct. at 1675. In this case, defendant has based the removal of plaintiff's suit on the Federal Tort Claims Act (FTCA). In order for the FTCA to apply to the defendant, however, the court must find that defendant is an employee of the federal government. If he is not, then the case is properly remanded to state court.

## IV. FEDERAL TORT CLAIMS ACT

■ The Federal Tort Claims Act (FTCA) is a limited waiver of the U.S. Government's sovereign immunity. *U.S. v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). In essence, the FTCA allows an injured party to sue the government for tortious acts of federal employees in the same manner that a party can sue a private employer. *Id.*

■ The FTCA, however, was not intended to apply to all persons or all groups that are in any way associated with or receive funding from the federal government. *Id.* In order to fall under the coverage of the act, the group or party must be an employee or agency of the government, as the terms are defined in 28 U.S.C. § 2671. Under that section, individuals and organizations that are independent contractors are specifically not included under the FTCA. Section 2671 reads,

> [T]he term "Federal Agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor* with the "United States."

> 28 U.S.C. § 2671 (emphasis added).

A government employee is defined in the same section as anyone who is an "officer or employee of any federal agency ..." *Id.*

The standard for determining whether a party is an employee of the federal government or an independent contractor was established in *U.S. v. Orleans,* 425 U.S. at 814, 96 S.Ct. at 1975 (1976). In that case, the Court held that the determining factor was the level of control exercised by the federal government over the individual or agency. *Id.* In order to be considered a federal employee, the government had to have some level of control over the person and their day to day functions. *Id.* *Orleans* concerned a community center that was financed almost entirely by the Office of Economic Opportunity (OEO), a federal agency. Despite this, and despite the fact that the organization had to comply with the "voluminous regulations of OEO," the court held that the FTCA did not apply. *Id.* at 819, 96 S.Ct. at 1978.

Defendant acknowledges that the control test as set forth in *Orleans* is applicable in most situations, but points the court to a modified version of the test as articulated by the Seventh Circuit in *Quilico v. Kaplan,* 749 F.2d 480 (7th Cir.1984). The test enunciated in *Quilico* would allow the court to find a professional such as a doctor to be an employee of the government despite the fact that the government failed to exercise a high degree of control.

In *Quilico,* a patient who had been treated by doctors temporarily assigned to the Veterans Administration (VA) attempted to bring a malpractice suit against those doctors. The doctors asserted that their treatment of the plaintiff was in the course of their employment at the VA, and that as such they fell under the protection of the FTCA. *Id.* at 481. The Circuit Court, in holding that the doctors were in fact federal employees, wrote that the strict control test, as applied in *Orleans,* had to be relaxed in situations where personnel are required to exercise a great deal of discretion. In the particular case in *Quilico,* the defendants were doctors, and as such they had a separate ethical duty to exercise independent judgment. *Id.* at 482. This duty necessarily prevented the physicians from being under the strict control and supervision of other parties. *Id.* at 485. According to the court, "If we were to adopt ... the strict control test ... almost all physicians operating within the VA program who are sued for malpractice ... would not be immune." *Id.* The court went on to examine the statute that created the positions and determined that one of the Congressional goals was to increase the level of care for veterans by attracting highly qualified doctors to the VA. *Id.* The court also found that under the legislation "immunity from liability was beyond all doubt intended as an inducement" for the doctors to apply for and take the positions. *Id.* at 487. As shown below, the facts of the instant case make the holding in *Quilico* inapplicable.

## V. ANALYSIS

■ The program under which the defendant operated was run by a local entity,

Tuskegee University. Plaintiff has submitted, and presumably provided to the defendant, a portion of the "policy requirement handbook," a government publication that specifically identifies the Tuskegee Job Corps Program as a "contract operated program." The Tuskegee Center is therefore not a federal agency as that term is used in the FTCA. Since the University, which operates the Center, was responsible for hiring the defendant, training the defendant and paying the defendant, the defendant was an employee of Tuskegee. *See* Chamless Affidavit. As stated previously, an "employee of the government" is defined as someone who is an "employee of any federal agency." 28 U.S.C. § 2671. Since neither Tuskegee University nor the Tuskegee Job Center are government agencies, the defendant cannot satisfy the definition of "Employee of the government" as set forth in § 2671. Although it is true that the defendant physician treated individuals who were federal employees, the nature or identity of the physician's patients is not relevant in determining the employment status of the defendant.

■ Defendant's argument that the program was created under the auspices of the Economic Opportunity Act is also unconvincing, as this was the same legislation that controlled in *Orleans*, 425 U.S. at 808, 96 S.Ct. at 1973. Defendant's statements that he was forced to comply with federal regulations are similarly without merit. As stated above, the Supreme Court has expressly held that the fact that a defendant must comply with "voluminous" regulations imposed by the federal government does not transform that organization or person into a federal agency or employee. *Orleans*, 425 U.S. at 816, 96 S.Ct. at 1976.

Additionally, the employment contract between Tuskegee and the defendant, a contract that was signed by the defendant, specifically states that the defendant is an independent contractor and not a federal employee. The contract reads, "Under this agreement, the Center Physician [Patel] is an independent contractor and not an employee or agent of the contractor [Tuskegee] or the Department of Labor, Job Corps."

Any argument that the holding in *Quilico* applies to this action is also eliminated by the plain language of the contract. As stated above, the court in *Quilico* specifically rested its decision to include the VA physicians under the protection of the FTCA on Congressional desire to limit the physician's exposure to personal liability. This rationale is absolutely not present in the instant case, as defendant's contract explicitly required him to provide his own liability insurance. The contract states that "The Center Physician agrees to provide malpractice insurance to cover the physician's professional services to students." Defendant's reliance on *Quilico* is simply misplaced.

Finally, plaintiff has submitted an affidavit from Ms. Frankie Mae Chamless, who held the position of Manager of Administration at Tuskegee University. Ms. Chamless states not only that neither she nor the defendant were federal employees, but that the defendant was on several occasions specifically made aware of this fact.

## VI.   CONCLUSION

Therefore, it is ORDERED that this cause be and it is hereby REMANDED to the Circuit Court of Macon County, Alabama. The clerk is DIRECTED to take all steps necessary to effect this remand.