The plaintiff, Sheila Gresham Lyon, appeals from a summary judgment entered in favor of the defendant, Volkswagen of America, Inc. ("Volkswagen").[1] Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
On July 9, 1988, Lyon was driving a 1985 Volkswagen Vanagon at approximately 35 miles per hour when a pickup truck pulled out in front of her. The front of Lyon's Vanagon crashed into the side of the pickup truck. Lyon, who was not wearing her seat belt, was thrown from the driver's seat; she landed on the floorboard of the vehicle, in between the two front seats. As a result of the accident, she suffered a cerebral concussion, abdominal trauma, a ruptured spleen, and complex fractures of bones in both legs.
Lyon initially sued the driver and the owner of the pickup truck and Alfa Mutual Insurance Company, but she voluntarily dismissed her claims against Alfa and the trial court granted the driver's motion to dismiss and the owner's motion for summary judgment. In her initial complaint, Lyon designated as fictitious defendants those who designed, manufactured, marketed, or distributed the *Page 358 
Vanagon she was driving at the time of the accident. During the course of the proceedings, Lyon substituted Volkswagen of America, Inc., for fictitious defendant "A." Lyon brought "crashworthiness" claims against Volkswagen under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), as well as claims alleging breach of express and implied warranties, negligence, and wantonness. Lyon does not allege that any defect in the Vanagon caused the accident to occur, but, rather, alleges that the Vanagon was unreasonably dangerous and was defective, and that the alleged defects proximately caused or enhanced the injuries she sustained. She claims the Vanagon was defective because, she said, it lacked structural integrity and lacked any substantial crush zone in the front of the vehicle.
In its summary judgment, the trial court held that Lyon had failed to meet her burden of producing substantial evidence that the alleged defects in the vehicle proximately caused the injuries she sustained in the accident. Lyon argues that the trial court erred in entering the summary judgment based upon the court's conclusion that there was no showing of proximate cause.
A proximate cause issue generally is a question of fact to be determined by a jury. See, e.g., Garner v. Covington County,624 So.2d 1346 (Ala. 1993); Green v. Alabama Power Co.,597 So.2d 1325 (Ala. 1992); Graham v. Wal-Mart Stores, Inc.,529 So.2d 938 (Ala. 1988). Proximate cause becomes a question of law only when there is a total lack of evidence from which the factfinder can reasonably infer a direct causal relation between the defendant's conduct and the resulting injury to the plaintiff. Green, 597 So.2d at 1328.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Volkswagen was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Volkswagen had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County,623 So.2d 1130, 1132 (Ala. 1993). If Volkswagen made that showing, then the burden shifted to Lyon to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against her. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the "substantial evidence" rule. §12-21-12, Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Lyon argues in her brief that certain testimony elicited from her biomechanical expert witness was sufficient to create a genuine issue of material fact regarding proximate cause in this case. A review of the record, however, reveals that the testimony upon which Lyon relies is not contained therein. Apparently, the expert testified in a deposition. In her opposition to Volkswagen's motion for summary judgment, Lyon quoted the critical testimony in her brief, but she did not submit any evidentiary materials in support of her claim. See Rule 56(c)(1), Ala.R.Civ.P., which mandates that "[a]ny supporting documents that are not on file shall be attached as exhibits." (Emphasis added.) See also Whatley v. Cardinal PestControl, 388 So.2d 529 (Ala. 1980). Consequently, the testimony that Lyon argues would have established proximate cause was not before the trial court, and, likewise, is not before this court. Bean v. State Farm Fire Casualty Co., 591 So.2d 17
(Ala. 1991).[2] In reviewing a summary judgment, this court is limited to a consideration of the evidence *Page 359 
that was before the trial court when it ruled on the motion for summary judgment. Id.
Because there is no evidence of record establishing proximate cause, the summary judgment is due to be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
[1] Sheila Lyon's husband, Stephen A. Lyon, was also a plaintiff in this case, alleging a loss of consortium. He was not named as an appellant on the notice of appeal filed by Sheila Lyon, and she does not refer to his claim in her brief. Nevertheless, Sheila Lyon's brief contains several references to "appellants." Even if Stephen Lyon had appealed, he would have waived any issue he might have raised on appeal, as a result of his failure to argue any issue. Ex parte Riley, 464 So.2d 92
(Ala. 1988). This court considers Sheila Lyon the sole appellant in this case.
[2] After the entry of the judgment, Lyon requested that she be allowed to supplement the record on appeal by filing several depositions, including that of her biomechanical expert. The trial court properly denied her motion because Lyon's attempt to submit evidence at that point came too late. See Bean v.State Farm Fire Casualty Co., 591 So.2d 17 (Ala. 1991).