The plaintiff, Connie Kassaw, appeals from a summary judgment in favor of the defendant, Greg Minor. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We reverse and remand.
On April 20, 1994, Kassaw slipped and fell in the hallway of the Computer Science Building at Wallace State Community College, where she was a full-time student. She stated that after she fell she noticed a mop, a broom, and a mop bucket in the hallway and a puddle of water on the floor. She also noticed, she said, that the leg of her slacks and the back of her shirt were wet. Kassaw reported her fall to a teacher in the building. The teacher summoned Minor, an employee of the College's maintenance department who was working in the building, and he accompanied *Page 384 
Kassaw and the teacher to the scene of the accident. Kassaw stated that Minor told her he had been cleaning the hallway before she fell. Minor was employed by the College through a federally funded work-study program. He worked approximately 20 hours per week cleaning the Computer Science Building.
Kassaw sued the College; Dr. James C. Bailey, president of the College; Hugh Hardman, director of maintenance at the College; and Minor. The defendants filed a motion to dismiss the complaint, contending that they were entitled to qualified immunity because they were engaged in the exercise of discretionary functions within the scope of their employment. The trial court treated their motion to dismiss as a motion for a summary judgment. The court concluded that the College, Bailey, and Hardman were entitled to discretionary function immunity and entered a partial summary judgment in their favor. The trial court denied the motion as to Minor, however, because it concluded that he was a "non-discretionary employee" and that he was not entitled to immunity. Minor then moved for a summary judgment on the sole ground that because his work-study employment was federally funded, he was a federal employee and, therefore, that Kassaw's claims should have been brought under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 ("FTCA"). The trial court entered a summary judgment in favor of Minor. Kassaw then appealed. She argues that the trial court erroneously entered the summary judgment because, she contends, Minor is not a federal employee.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Minor was entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. Minor had the burden of making a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. Lyon v. Volkswagen of America,Inc., 676 So.2d 356 (Ala.Civ.App. 1996). If Minor made that showing, then the burden shifted to Kassaw to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against her. Id. In this case, however, there are no disputed material facts. Consequently, we focus solely on whether the trial court correctly entered the judgment in favor of Minor as a matter of law. Chamblee v.State Farm Mut. Auto. Ins. Co., 601 So.2d 922 (Ala. 1992).
The FTCA establishes a limited waiver of sovereign immunity that makes the Federal Government liable to the same extent as is a private party for the negligence of a federal employee acting within the scope of his or her employment. United Statesv. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Nevertheless, the FTCA was not intended, and has not been construed by the United States Supreme Court, "to reach employees or agents of all federally funded programs that confer benefits on people." Id. at 813, 96 S.Ct. 1971. In order to be covered by the FTCA, Minor must have been an "employee" of the Federal Government at the time of Kassaw's accident. The term "employee of the government" includes "officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . ., and persons acting on behalf of a federal agency in an official capacity."28 U.S.C. § 2671. The term "federal agency" includes "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." Id.
In Orleans, the Supreme Court established the standard for determining whether a party is an employee of the Federal Government or is an independent contractor. The Court held that the level of control exercised by the Federal Government over the individual or agency was the determining factor. The question is not whether the individual or agency receives federal money and must comply with federal standards, "but whether its day-to-day operations are supervised by the Federal Government." 425 U.S. at 815, 96 S.Ct. 1971 (emphasis added). Although *Page 385 
the plaintiff in Orleans had sued a community center that primarily was financed by federal funding and that was governed by extensive federal regulations, the Supreme Court held that the FTCA did not apply. See also Tisdale v. United States,62 F.3d 1367 (11th Cir. 1995) (an individual under contract with the Department of Housing and Urban Development to manage certain properties was not an employee of the United States because the Government did not supervise his day-to-day operations); Ashley v. Patel, 871 F. Supp. 423 (M.D.Ala. 1994) (an employee of a federally funded Job Corps program at Tuskegee University who was hired, trained, and paid by the University was not an employee of the United States because the University and the Tuskegee Job Center were not federal agencies).
Although the money with which Minor was paid by the College was provided by federal dollars, he worked for the College under Hardman's supervision. According to the record, Hardman hired Minor and directed his day-to-day activities. The Federal Government had no input whatever regarding the manner in which Minor performed the functions of his job, much less any degree of supervision or control. The mere fact that the work-study program in which Minor participated received federal funding does not make the College a federal agency and does not make Minor a federal employee. Minor was not entitled to a judgment as a matter of law on the basis of federal employment.
In his brief, Minor argues that this court should extend immunity to him because he was performing a discretionary function of a state office. A state employee who is sued in his individual capacity may be entitled to qualified immunity if he was engaged in the exercise of a discretionary function within the scope of his employment. Nance v. Matthews, 622 So.2d 297
(Ala. 1993). Whether a defendant was exercising a discretionary function and therefore is immune from liability is a question of law to be decided by the trial court. Grant v. Davis,537 So.2d 7 (Ala. 1988). The trial court determined that Minor was not engaged in a discretionary function that would entitle him to immunity. As a general rule, discretionary functions are characterized by planning tasks and policy-level decision-making, while ministerial functions are characterized by operational tasks and minor decision-making. Defoor v.Evesque, 694 So.2d 1302 (Ala. 1997). Clearly, Minor's duties at the College were ministerial in nature; therefore, we agree with the trial court that he was not entitled to a judgment as a matter of law on the basis of immunity.
Minor also argues that this court should extend immunity to work-study participants in Alabama "in order to encourage activities which benefit the public welfare." This argument was not presented to the trial court. It is well settled that appellate courts will not consider issues raised for the first time on appeal. Gibbons v. Shaddix Pulpwood Co., 699 So.2d 225
(Ala.Civ.App. 1997).
The summary judgment as to Minor is reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.